1  FRED H. ALTSHULER (SBN 43878)
   LINDA LYE (SBN 215584)
2  JAMIE L. CROOK (SBN 245757)
       (Application for Admission pending)
3  ALTSHULER BERZON LLP
   177 Post Street, Suite 300
4  San Francisco, California 94108
   Telephone: (415) 421-7151
5  Facsimile: (415) 362-8064
   E-Mail: faltshulerberzon@altshulerberzon.com
6  E-Mail: llye@altshulerberzon.com
   E-Mail: jcrook@altshulerberzon.com
7
   *Attorneys for Plaintiffs*
8  *Robert Evitt and Joel Ortega,*
   *and the proposed Plaintiff Class*
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO/OAKLAND DIVISION

13

14  ROBERT EVITT and JOEL ORTEGA,        )   Case No. _____
    on behalf of themselves and a class of )
    those similarly situated,              )
15                                        )   **CLASS ACTION**
            Plaintiffs,                   )
16                                        )   **NOTICE OF PENDENCY OF OTHER**
       v.                                 )   **ACTION OR PROCEEDING**
17                                        )
    MACK TRUCKS, INC. and MACK            )
18  HEALTH, DISABILITY AND LIFE           )
    BENEFITS FOR UAW EMPLOYEES,           )
19                                        )
            Defendants.                   )
20  _____)

21        Pursuant to Local Rule 3-13, Plaintiffs hereby provide notice of the pendency of another

22  action or proceeding that involves the same subject matter as this suit. For the reasons stated below,

23  this action should proceed in this judicial District.

24        Plaintiffs in this action are retirees who have a vested right to lifetime healthcare provided by

25  their former employer, Mack Trucks, Inc. ("Mack"), and who seek to prevent Defendants from

26  reducing or terminating their healthcare benefits. This vested right to lifetime healthcare benefits

27  arises out of collective bargaining agreements between Defendant Mack and the International

28  Union, United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING, Case No. _____        1

("UAW").

On or about August 16, 2007, Defendant Mack informed Plaintiffs that it would reduce their healthcare benefits, effective April 1, 2008.

On September 7, 2007, however, Mack filed a declaratory relief action in the Eastern District of Pennsylvania: Mack Trucks, Inc. v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America-UAW, et al., 07-3737 on September 7, 2007 (hereinafter "Mack Trucks, Inc. v. UAW").[1] In that action, Mack Trucks, Inc. seeks a declaration that it "owes no legal duty" to retirees and surviving spouses to continue their healthcare coverage after its current collective bargaining agreement with the UAW expires on October 1, 2007, and that, after October 1, 2007, it is "free to implement" the changes it announced in its August 16, 2007 letter, or any other changes to retiree and surviving spouse healthcare coverage.

Mack has not informed Plaintiffs Evitt or Ortega of its current position that it owes them "no legal duty" to continue their healthcare coverage, and that it is "free to implement" changes in their coverage at any time after October 1, 2007. By filing suit in the Eastern District of Pennsylvania, Mack effectively seeks to adjudicate Plaintiffs' rights to healthcare, but without notifying Plaintiffs of its effort to do so, without Plaintiffs' participation in the suit, and in a distant court. Although Mack has brought its declaratory judgment action in the Eastern District of Pennsylvania as a defendant class action, the defendant class is not yet certified. Mack seeks to require a single individual of its own selection to serve as representative of the class. Plaintiffs do not know how Mack selected this single individual, or whether the individual whom Mack selected is even willing to serve as a representative of the class. Defendant class actions are an unusual device, and "courts have noted that closer scrutiny is necessary in determining the adequacy of the representation of a defendant class because of the risk that plaintiff will seek out weak adversaries to represent the

---

[1] Mack Trucks named as defendants: the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America ("UAW"), five UAW Local Unions, and Carl Breininger "on behalf of himself and as a representative of a defendant class of similarly situated retirees, spouses, surviving spouses, and other beneficiaries receiving retiree medical benefits under the Mack-UAW Insurance Program." A copy of the complaint in that action was obtained by counsel for Plaintiffs in this action from PACER, and is attached as Appendix A to this Notice of Pendency of Other Action or Proceeding.

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING, Case No. _____   2

class." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §1770 at 476-77 (3d ed. 2005).

The instant action should proceed in this judicial District. Plaintiffs reside in this District, and receive healthcare benefits in this District. Plaintiffs earned their retirement benefits while working for Defendant Mack in this District. Defendant Mack is a nationwide company with ample presence in this District, rendering venue plainly proper. Plaintiffs are elderly retirees with serious medical conditions. They should not be haled into a distant court to protect their vested right to healthcare. Transfer of this action would not result in any judicial economy because Mack has not yet even served the primary defendant in its Pennsylvania declaratory judgment action. For the foregoing reasons, Plaintiffs respectfully submit that this action should proceed in the judicial District in which they reside.[2]

Date: September 20, 2007

Respectfully submitted,

FRED H. ALTSHULER
LINDA LYE
JAMIE L. CROOK
ALTSHULER BERZON LLP

By: _____
Linda Lye

*Attorneys for Plaintiffs Robert Evitt and Joel Ortega, and the proposed Plaintiff Class*

---

[2] In the event that the Court wishes to consider the issue of transfer further, Plaintiffs respectfully request an opportunity to brief this issue fully.

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING, Case No. _____    3

# APPENDIX A



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MACK TRUCKS, INC.
2100 Mack Boulevard
Allentown, PA 18103,

              Plaintiff,

v.

THE INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA-UAW
8000 East Jefferson Ave.
Detroit, MI 48214,

THE INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA-UAW
LOCAL 677
2101 Mack Boulevard
Allentown, PA 18103,

THE INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA-UAW
LOCAL 171
18131 Maugans Ave.
Hagerstown, MD 21740,

THE INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA-UAW
LOCAL 1247
13320 Keener Road
Hagerstown, MD 21742,

THE INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS

COMPLAINT—CLASS ACTION

CIVIL ACTION NO.

07 3737

FILED

SEP - 7 2007

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

OF AMERICA-UAW
LOCAL 2301
7101 Troy Hill Drive
Elkridge, MD 21075,

THE INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA-UAW
LOCAL 2420
4949 Bulls Bay Highway
Jacksonville, FL 32219,

and

CARL C. BREININGER, on behalf of himself and
as a representative of a defendant class of
similarly situated retirees, spouses, surviving
spouses, and other beneficiaries receiving
retiree medical benefits under the Mack-UAW
Insurance Program
                    Defendants.

## COMPLAINT

### PARTIES

1.      Plaintiff, Mack Trucks, Inc. ("Mack"), is a Pennsylvania corporation which manufactures trucks and truck parts in an industry affecting commerce with its World Headquarters located at 2100 Mack Boulevard, Allentown, Pennsylvania 18103.

2.      Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("the UAW") is an unincorporated association operating as a labor organization in an industry affecting commerce with headquarters located at 8000 East Jefferson Avenue, Detroit, Michigan 48214. The UAW is the collective bargaining representative for certain Mack employees at Mack facilities in Allentown, Pennsylvania; Macungie, Pennsylvania; Middletown,

Pennsylvania; Hagerstown, Maryland; Baltimore, Maryland; and Jacksonville, Florida (collectively referred to as "Current Facilities"). The UAW formerly served as the collective bargaining representative of certain employees at Mack facilities which are now closed ("Closed Facilities") and some of those former employees are now participating as retirees under the Mack-UAW Insurance Program.

3. Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW Local No. 677 ("Local 677") is an unincorporated association operating as a labor organization which is chartered by the UAW and which, along with the UAW, represents certain Mack employees in collective bargaining with an office at 2101 Mack Boulevard, Allentown, Pennsylvania 18103.

4. Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW Local No. 171 ("Local 171") is an unincorporated association operating as a labor organization which is chartered by the UAW and which, along with the UAW, represents certain Mack employees in collective bargaining with an office at 18131 Maugans Ave., Hagerstown, MD 21740.

5. Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW Local No. 1247 ("Local 1247") is an unincorporated association operating as a labor organization which is chartered by the UAW and which, along with the UAW, represents certain Mack employees in collective bargaining with an office at 13320 Keener Road, Hagerstown, MD 21742.

6. Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW Local No. 2301 ("Local 2301") is an unincorporated association operating as a labor organization which is chartered by the

UAW and which, along with the UAW, represents certain Mack employees in collective bargaining with an office at 7101 Troy Hill Drive, Elkridge, MD 21075.

7. Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW Local No. 2420 ("Local 2420") is an unincorporated association operating as a labor organization which is chartered by the UAW and which, along with the UAW, represents certain Mack employees in collective bargaining with an office at 4949 Bulls Bay Highway, Jacksonville, FL 32219.

8. Hereinafter, the UAW and Locals 677, 171, 1247, 2301, and 2420 collectively shall be referred to as "the Unions."

9. Defendant Carl C. Breininger ("defendant Breininger") is a retiree of Mack's Macungie facility who was represented by the UAW and Local 677. This action is brought against defendant Breininger in his individual capacity and as a representative of the following class of participants in the Mack-UAW Retiree Medical Program: all Mack retirees and their spouses and dependents, as well as all surviving spouses and dependents of deceased retirees and deceased employees who are receiving the health benefit coverage for Retired Employees and Surviving Spouses provided by the Mack-UAW Insurance Program, as set forth in Appendix B to the October 2, 2004 Master Agreement between Mack Trucks, Inc. and the International Union United Automobile Aerospace and Agricultural Implement Workers of America, UAW and its Locals 171, 472, 677, 1247, 2301, 5841 United Auto Workers. (hereinafter referred to as "the defendant Class").

## JURISDICTION

10.     This Court has jurisdiction of the subject matter by virtue of 28 U.S.C. § 1331, Section 502 of the Employee Retiree Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

## FACTS

11.     Mack and the Unions are parties to the Master Agreement described in paragraph 9 which became effective on October 2, 2004 and expires by its terms on October 1, 2007 (" the 2004 Master Agreement"). The 2004 Master Agreement covers certain employees of Mack at its Current Facilities.

12.     Prior to the 2004 Master Agreement and since at least as early as the 1970's, Mack and the Unions entered into consecutive Master Agreements covering certain employees at the Current Facilities and/or the Closed Facilities. Each of these agreements had a specific duration and expired by its terms. Hereinafter, these expired agreements are referred to as "Prior Master Agreements."

13.     In the 2004 Master Agreement, Mack and the UAW provided for the continuation of an Insurance Program that, among other things, provides health benefits for members of the defendant Class, including defendant Breininger (hereinafter referred to as "the Mack-UAW Retiree Health Program"). The Insurance Program, including the Mack-UAW Retiree Health Program, is set forth in Appendix B to the 2004 Master Agreement. Mack administers the Mack UAW Retiree Medical

Program from its World Headquarters located at 2100 Mack Boulevard, Allentown, Pennsylvania 18103.

14. In each of the Prior Master Agreements, Mack and the UAW similarly agreed to continue the Insurance Program, including the Mack-UAW Retiree Medical Program, as modified by agreement of Mack and the UAW, for the duration of that Prior Master Agreement.

15. The retiree medical benefits were summarized over the years in consecutive summary plan descriptions ("SPDs"). The Mack-UAW Retiree Medical Program provided for by the 2004 Master Agreement is summarized in an SPD dated January 1, 2004.

16. On or about August 13, 2007, Mack advised the UAW that it intended to continue the Mack-UAW Retiree Medical Program for the defendant Class as set forth in the 2004 Master Agreement without change after the expiration of that agreement and until April 1, 2008, but would thereupon unilaterally implement certain identified changes to the Mack-UAW Retiree Medical Program ("April 1 Changes"). The April 1 Changes are described in a written notice to the retirees dated August 16, 2007.

17. In view of the fact that the 2004 Master Agreement, including the Mack-UAW Retiree Medical Program set forth therein, expires by its terms on October 1, 2007, Mack is free to implement the April 1 Changes or to otherwise change the plan of health benefits presently provided to the defendant Class under the Mack-UAW Retiree Medical Program.

18. The UAW thereupon, on its own behalf and on behalf of the defendant Class, advised Mack that the Unions adamantly oppose the implementation of the April 1 Changes and that they will utilize every possible resource to protect retiree rights.

## CLASS ACTION ALLEGATIONS

19. This is a defendant class action pursuant to FED. R. CIV. P. 23(a)(1)-(4) and 23(b) in which the class is represented by defendant Breininger. The defendant Class is defined as follows: all Mack retirees and their spouses and dependents, as well as all surviving spouses and dependents of deceased retirees and deceased employees who are receiving the health benefit coverage for Retired Employees and Surviving Spouses provided by the Mack-UAW Insurance Program, as set forth in Appendix B to the 2004 Master Agreement. The approximate size of this class is 9184 individuals.

20. The class action is appropriate because:

(a) Individual members of the defendant Class are so numerous as to make joinder of all members of the class impracticable;

(b) The questions of fact and law governing the claims—are common to the defendant Class and clearly predominate over any questions affecting only individual members of the defendant Class;

(c) The claims or defenses of defendant Breininger will be typical of the claims or defenses of the defendant Class; and

(d)     As a retiree who is affected by the April 1 Changes, defendant Breininger has an interest in defending against the claims and will fairly and adequately represent the interests of other members the defendant Class. Moreover, there is no conflict between defendant Breininger and other members of the defendant Class with respect to this action.

21.    In addition, this action may be maintained under FED. R. CIV. P. 23(b) because:

(a)    The prosecution of separate actions by or against individual members of the defendant Class would create a risk of:

(i) inconsistent or varying adjudications with respect to individual members of the defendant Class which would establish incompatible standards of conduct for Mack; or

(ii) adjudications with respect to individual members of the defendant Class which would as a practical matter be dispositive of the interests of other members of the class who are not parties to the adjudications or would substantially impair or impede the other members' ability to protect their interests; or

(b)    Mack's April 1 Changes to retiree benefits are generally applicable to the defendant Class, thereby making declaratory relief appropriate to the class as a whole.

## DECLARATORY JUDGMENT

22. The Unions, on their own behalf and on behalf of the members of the defendant Class, have stated that they oppose implementation of the April 1 Changes and that they will utilize every possible resource to protect retiree rights.

23. In view of this actual controversy, Mack is commencing this action for a declaratory judgment under the authority of 28 U.S.C. § 2201 *et seq.*

## COUNT ONE

24. The averments of paragraphs 1 through 23 are incorporated by reference.

25. This action is being brought under Section 301 of the LMRA because this controversy is centered upon a contention that the April 1 Changes violate the 2004 Master Agreement.

26. In view of the fact that the 2004 Master Agreement, including the Mack-UAW Retiree Medical program set forth therein, expires by its terms on October 1, 2007, Mack is free to implement the April 1 Changes or to otherwise change the plan of health benefits presently provided to the defendant Class under the Mack-UAW Retiree Medical Program.

WHEREFORE, Mack requests this Court to enter judgment in Mack's favor and against the Unions and the defendant Class, declaring that Mack owes no legal duty to the Unions or the defendant Class to continue the Mack-UAW Retiree Medical Program described in the 2004 Master Agreement after October 1, 2007, and therefore is free to implement the April 1 Changes.

## COUNT TWO

27. The averments of paragraphs 1 through 23 are incorporated by reference.

28. This action is brought under Section 502 of ERISA because the retiree medical benefits set forth in the Agreement, Prior Agreements, and summarized in the 2004 SPD constitutes an "employee benefit plan."

29. Because the 2004 Master Agreement, including the Mack-UAW Retiree Medical Program set forth therein, expires by its terms on October 1, 2007, and because the January 1, 2004 SPD does not require continuation of the Retiree Medical Program described therein following expiration of the 2004 Master Agreement and SPDs Mack is free to implement the April 1 Changes.

WHEREFORE, Mack requests that this Court enter judgment in Mack's favor and against the Unions and the defendant Class, declaring that Mack owes no legal duty to the Unions or the defendant Class to continue the Mack-UAW Retiree Medical Program described in the January 1, 2004 SPD, as amended, or the 2004 Master Agreement after October 1, 2007, and therefore is free to implement the April 1 Changes.

SUSANIN, WIDMAN & BRENNAN, P.C.

Date: 9.7.07

By: *Daniel J Brennan*

Daniel J. Brennan
Mark E. Levengood
Suite 240 - Executive Terrace
455 South Gulph Road
King of Prussia, PA 19406
(610) 337-4510
Attorneys for Plaintiff