FRED H. ALTSHULER (SBN 43878)
LINDA LYE (SBN 215584)
JAMIE L. CROOK (SBN 245757)
   (Application for Admission pending)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California  94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: faltshulerberzon@altshulerberzon.com
E-Mail: llye@altshulerberzon.com
E-Mail: jcrook@altshulerberzon.com

*Attorneys for Plaintiffs
Robert Evitt and Joel Ortega,
and the proposed Plaintiff Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ROBERT EVITT and JOEL ORTEGA, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MACK TRUCKS, INC. and MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES,<br><br>Defendants. | Case No. _____ VRW<br><br>**CLASS ACTION**<br><br>*EX PARTE* **MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Plaintiffs hereby move for a Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue.

**NEED FOR TEMPORARY RESTRAINING ORDER**

Defendant Mack Trucks, Inc. ("Mack" or the "Company") repeatedly promised to provide lifetime healthcare benefits to its retirees and their surviving spouses at Company expense under its group insurance plan. Despite these promises, Mack is now threatening to reduce, or possibly even terminate, these benefits as early as October 2, 2007. Any reductions in healthcare benefits would cause grave and irreparable harm to retirees and their surviving spouses, who live on modest, fixed

1  incomes. Reductions in coverage would force them either to jeopardize their health, by giving up
2  medical care, or to forego some other life necessity, like food or utilities, in order to pay for medical
3  coverage previously promised and provided by the Company. Immediate injunctive relief is
4  necessary to protect retirees and surviving spouses from these and other grave irreparable injuries,
5  pending a resolution of Plaintiffs' claims on the merits.

6  Plaintiff Robert Evitt and Joel Ortega are Mack retirees who are covered under Mack's
7  group insurance plan, known as Mack Health, Disability and Life Benefits for UAW Employees
8  ("Mack Plan" or the "Plan"). They bring suit on behalf of themselves and a class of Mack retirees
9  and surviving spouses who are also covered under the Plan. They bring this motion for a temporary
10 restraining order and preliminary injunction to prevent Mack from reducing or terminating their
11 healthcare benefits coverage under the Plan.

12 During their employment for Mack, they were represented in collective bargaining by the
13 International Union, United Automobile, Aerospace, and Agricultural Implement Workers of
14 America, AFL-CIO ("UAW" or the "Union"). In a series of collective bargaining agreements with
15 the UAW, Mack repeatedly stated in writing that it "fully recognizes, acknowledges and hereby
16 confirms that retiree health care benefits for Mack-UAW employees have been and will continue to
17 be *lifetime* benefits." In those same agreements, Mack has also repeatedly stated in writing that it
18 "has expressly agreed that [healthcare coverage under the Mack Plan] *will be continued at Company*
19 *expense* for retirees and their dependents."

20 Notwithstanding these promises, Mack mailed a letter to retirees and surviving spouses
21 covered under the Mack Plan on August 16, 2007. In that letter, Defendant announced that it was
22 going to reduce their healthcare benefits effective April 1, 2008.

23 Just last week, however, Mack informed the Union that it filed a declaratory judgment action
24 in the Eastern District of Pennsylvania. In that action, Mack seeks a declaratory judgment that it has
25 *no legal duty* to continue retiree and surviving spouse healthcare coverage once its current collective
26 bargaining agreement with the Union expires, and that as soon as that agreement expires, it is free to
27 implement the reductions in healthcare benefits described in its August 16, 2007 letter, *or any other*
28

*changes* it wishes to implement. The current Mack-UAW collective bargaining agreement is set to expire at 11:59 pm on October 1, 2007.

Mack's Pennsylvania declaratory judgment action makes clear the imminence and severity of harm in this case: Given the legal position that Mack has recently staked out, Mack now contends that it may reduce – or entirely terminate – Plaintiffs' benefits as early as October 2, 2007.[1]

## GROUNDS FOR MOTION

The motion is made, pursuant to Federal Rules of Civil Procedure 65 and Civil Local Rules 7-10 and 65-1, on the ground that Plaintiffs have demonstrated that they meet the requirements for a TRO: (1) a likelihood of success on the merits and the possibility of irreparable injury absent a interim injunctive relief, or (2) serious questions about the legality of Defendant's conduct and the balance of hardships tips sharply in Plaintiffs' favor. *Lands Council v. Martin*, 479 F.3d 636, 639 (9th Cir. 2007).

As discussed above, Mack has unequivocally promised to provide retirees and surviving spouses with "lifetime" "retiree healthcare benefits" and that their coverage under the Mack Plan "will be continued at Company expense for retirees and their dependents." As a result of these promises, Plaintiffs and members of the proposed class have a vested right to Company-provided healthcare under Mack's group insurance program, and the expiration of Mack's collective bargaining agreement with the Union does not and cannot extinguish those vested rights.

---

[1] Plaintiffs have filed herewith a Notice of Pendency of Other Action or Proceeding. For the reasons stated therein, this action should proceed in this judicial district. First, Plaintiffs are elderly retirees with serious medical conditions. They live in this judicial district, and should not be haled into a distant court to protect their vested right to healthcare. Second, Mack's declaratory judgment action names the Union, five of its local unions, and a single Mack retiree whom Mack seeks to require to serve as representative of the class. By filing suit in the Eastern District of Pennsylvania, Mack effectively seeks to adjudicate Plaintiffs' rights to healthcare, but without notifying Plaintiffs of its effort to do so, without Plaintiffs' participation in the suit, and in a distant court. Although Mack has brought its declaratory judgment action in the Eastern District of Pennsylvania as a defendant class action, the defendant class is not yet certified. Mack named only a single Mack retiree as representative of the class. Plaintiffs do not know how Mack selected this single individual to represent the entire class, and whether the individual whom Mack selected would even be willing to serve as a representative of the class. Third, no judicial economies would be achieved by transferring this case. The complaint in that case has not yet even been served on the primary defendant.

Because Plaintiffs and the proposed class have a vested right to lifetime healthcare under Mack's group insurance program, Plaintiffs have an overwhelming likelihood of success on the merits of their claims that *any* reductions – let alone a wholesale termination – in retiree and surviving spouse medical benefits coverage without their consent violate both the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act ("ERISA").

Healthcare is not a dispensable luxury for Plaintiffs and their families. Plaintiff Robert Evitt is a 75-year old diabetic with carotid artery disease, who has undergone quadruple bypass surgery. Plaintiff Joel Ortega is a 66-year old diabetic with high blood pressure, who suffered a heart attack last year. Both live on fixed incomes. Where medical coverage is threatened, injuries such as "'substantial risk to plaintiffs' health[,] severe financial hardship[,] the inability to purchase life's necessities[,] and anxiety associated with uncertainty'" constitute irreparable harm. *LaForest v. Former Clean Air Holding Co., Inc.*, 376 F.3d 48, 55 (2d Cir. 2004). As a result, interim injunctive relief is routinely issued to protect retiree benefits. *See, e.g., Yolton v. El Paso Tenn. Pipeline Co.*, 435 F.3d 571 (6th Cir. 2006); *LaForest*, 376 F.3d at 55-56; *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648 (6th Cir. 1996); *United Steelworkers of America, AFL-CIO v. Textron, Inc.*, 836 F.2d 6, 8 (1st Cir. 1987); *Schalk v. Teledyne, Inc.*, 751 F. Supp. 1261, 1268 (W.D. Mich. 1999).

Because Plaintiffs have an overwhelming likelihood of success on both their LMRA and ERISA claims, and the balance of hardships tips strongly in their favor, the Court should issue interim injunctive relief preventing Defendants Mack and the Mack Plan from imposing any reductions or other changes in the healthcare coverage of retirees and surviving spouses without their consent.

### RELIEF SOUGHT

Plaintiffs therefore respectfully request that the Court grant this *ex parte* motion as follows:

First, Plaintiffs request that the Court issue an immediate Temporary Restraining Order, pending a hearing on whether a preliminary injunction should issue, and order as follows:

(1) The following class is hereby conditionally certified for purposes of this Temporary Restraining Order: all persons who are retirees of Mack or their surviving spouses, and who are currently receiving medical benefits under the Mack Plan;

(2) Defendants MACK and MACK PLAN, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendant, are HEREBY ENJOINED AND RESTRAINED from making any reductions in or termination of the healthcare coverage of Plaintiffs and members of the conditionally certified class under the Mack Plan, to which Plaintiffs and members of the proposed class have not consented.

Second, Plaintiffs request that the Court issue an Order To Show Cause setting a schedule for briefing and a hearing on a preliminary injunction.

This motion is based on this *Ex Parte* Application; the Complaint; the accompanying Memorandum of Points and Authorities In Support of Motion for Temporary Restraining Order and Preliminary Injunction; the accompanying Declarations of Robert Evitt, Joel Ortega, Tim Bressler, and Sarah Doyle; the accompanying Declaration of Notice to Opposition by Linda Lye; the accompanying Proposed Temporary Restraining Order And Order To Show Re: Preliminary Injunction; the complete files and records of this action; and such other and further matters as the Court may properly consider.

Date: September 20, 2007

Respectfully submitted,

FRED H. ALTSHULER
LINDA LYE
JAMIE L. CROOK
ALTSHULER BERZON LLP

By: /s/ Linda Lye
Linda Lye

*Attorneys for Plaintiffs Robert Evitt and Joel Ortega, and the proposed Plaintiff Class*