FRED H. ALTSHULER (SBN 43878)
LINDA LYE (SBN 215584)
JAMIE L. CROOK (SBN 245757)
  (Application for Admission pending)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: faltshulerberzon@altshulerberzon.com
E-Mail: llye@altshulerberzon.com
E-Mail: jcrook@altshulerberzon.com

*Attorneys for Plaintiffs*
*Robert Evitt and Joel Ortega,*
*and the proposed Plaintiff Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ROBERT EVITT and JOEL ORTEGA, on behalf of themselves and a class of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MACK TRUCKS, INC. and MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES,<br><br>    Defendants. | Case No. C 07 4830 VRW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF TIM BRESSLER IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

ORIGINAL FILED
SEP 20 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DECLARATION OF TIM BRESSLER IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, Case No. _____

I, Tim Bressler, declare as follows:

1. I am the Assistant Director of the Heavy Truck Department of the International Union, United Automobile Aerospace and Agricultural Implement Workers of America, AFL-CIO ("UAW" or the "Union"). In my capacity as Assistant Director, I oversee the UAW's collective bargaining relationship with Mack Trucks, Inc. ("Mack"), participate in collective bargaining negotiations with Mack, am familiar with the history of that collective bargaining relationship, and interact regularly with Mack representatives to discuss collective bargaining issues.

2. Since 1958, the UAW and Mack have entered into a series of master collective bargaining agreements that cover all UAW-represented Mack employees. Mack has UAW-represented facilities throughout the country, including a plant that operated in Hayward, California from 1965 to 1980. The employees at these UAW-represented Mack facilities are covered by the Master Agreement.

3. In the UAW-Mack collective bargaining relationship, the parties' practice is to incorporate into the Master Agreement and Appendices to the Agreement "letters of agreement" which memorialize the parties' intent. These letters of agreement are as much a part of the collective bargaining agreement as the agreement itself.

4. The UAW-Mack Master Agreement provides for comprehensive healthcare benefits for employees and retirees. Those benefits are described in Appendix B to the Master Agreement, which is incorporated by reference into the Agreement itself. The UAW-Mack Master Agreement also provides for a pension plan. Retiree eligibility for healthcare benefits is tied to eligibility for the pension plan.

1

5. In the ordinary course of its business, the UAW maintains written copies of its current and prior collective bargaining agreement and I am familiar with those record-keeping practices. Attached as Exhibit A to this declaration is a true and correct copy of excerpts of Appendix B to the 1987 UAW-Mack Master Agreement.

6. Attached as Exhibit B to this declaration is a true and correct copy of excerpts of the 1992 UAW-Mack Master Agreement.

7. Attached as Exhibit C to this declaration is a true and correct copy of excerpts of Appendix B to the 1992 UAW-Mack Master Agreement.

8. Attached as Exhibit D to this declaration is a true and correct copy of excerpts of the 1998 UAW-Mack Master Agreement.

9. Attached as Exhibit E to this declaration is a true and correct copy of excerpts of Appendix B to the 1998 UAW-Mack Master Agreement.

10. Attached as Exhibit F to this declaration is a true and correct copy of excerpts of the 2001 UAW-Mack Master Agreement.

11. Attached as Exhibit G to this declaration is a true and correct copy of excerpts of Appendix B to the 2001 UAW-Mack Master Agreement.

12. Attached as Exhibit H to this declaration is a true and correct copy of excerpts of the 2004 UAW-Mack Master Agreement.

13. Attached as Exhibit I to this declaration is a true and correct copy of excerpts of Appendix B to the 2004 UAW-Mack Master Agreement.

14. Attached as Exhibit J to this declaration is a true and correct copy of excerpts of the 2004 Summary Plan Description Health, Life and Disability Benefits for UAW Employees,

Retirees and Their Eligible Dependents, pursuant to which Mack provides coverage for employees and retirees covered by the Mack-UAW Master Agreement.

15.   The Master Agreement between the UAW and Mack provides vested lifetime health care benefits for Mack retirees and their surviving spouses. Mack has repeatedly and expressly stated, in letter agreements incorporated into the collective bargaining agreement: "The Company fully recognizes, acknowledges and hereby confirms that retiree health care benefits for Mack-UAW employees have been and will continue to be *lifetime* benefits." (Emphasis added.)

16.   The term of the current Master Agreement between the UAW and Mack (Exhibit E) is October 2, 2004 through 11:59 pm on October 1, 2007. By its terms, the Master Agreement provides that it shall continue in effect for yearly periods after October 1, 2007, unless either party gives notice at least 60 days prior to October 1, 2007 (or any one year anniversary thereafter) of its desire to modify, amend, or terminate the agreement. This year, both parties gave the 60 day notice and we are currently in the process of negotiating a new collective bargaining agreement, but have not yet reached any such agreement. As a result, and absent any agreement to the contrary, the current Master Agreement will expire at 11:59 pm on October 1, 2007.

17.   To date, Mack has not raised the issue of retiree healthcare in the course of collective bargaining negotiations over a new contract.

18.   On August 16, 2007, Mack sent letters to Mack retirees and surviving spouses covered under the Mack group health plan, informing them that it intended to reduce their benefits. Retirees and surviving spouses of retirees who retired on or after January 1, 1992 are

affected particularly hard by the reductions. Mack states that it will terminate their coverage under its group plan entirely, replacing it only with a modest stipend which they can use to purchase their own substitute insurance. The letters outlined the specific changes Mack intends to implement.

19. Mack Trucks did not consult with the UAW before informing retirees of Mack's intended reductions in retiree health care benefits. At no point has the UAW agreed to Mack's proposed reductions in retiree health care benefits.

20. Even though Mack's letters to retirees and surviving spouses stated that Mack would not implement its announced reductions in retiree healthcare benefits until April 1, 2008, the Company informed me just last week that it filed a lawsuit against the UAW seeking a declaratory judgment that it owes no legal duty to continue providing healthcare coverage to retirees and surviving spouses once the current UAW-Mack Master Agreement expires, at 11:59 pm on October 1, 2007. As a result, Mack's current position is that it can implement the changes described in its August 16, 2007 letter to retirees and surviving spouses – or indeed, any other changes – as early as October 2, 2007. Even though the Company told me when we spoke last week that it filed the lawsuit against the UAW in the first week of September, the Union has not yet been served.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed at _Detroit_, Michigan, this _20_ day of September, 2007.

_Tim Bressler_ (signature)
Tim Bressler

4