FRED H. ALTSHULER (SBN 43878)
LINDA LYE (SBN 215584)
JAMIE L. CROOK (SBN 245757)
 (Application for Admission pending)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California  94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: faltshuler@altshulerberzon.com
E-Mail: llye@altshulerberzon.com
E-Mail: jcrook@altshulerberzon.com

*Attorneys for Plaintiffs Robert M. Evitt, Sr.,
Joel Ortega, Loretta Evitt, and
the proposed Plaintiff Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ROBERT M. EVITT, Sr., JOEL ORTEGA, and LORETTA EVITT, on behalf of themselves and a class of those similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>MACK TRUCKS, INC. and MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES,<br><br>          Defendants. | **Case No. C-07-4830 VRW**<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES**<br><br><u>**CLASS ACTION**</u><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Robert M. Evitt, Sr., Joel Ortega, and Loretta Evitt allege as follows:

**INTRODUCTION**

1. Defendant Mack Trucks, Inc. ("Mack") promised to provides its retirees with "lifetime benefits" to Company-provided health care. But Defendant Mack now seeks to break that promise, and contends that its has no obligation to continue to provide retiree health care commencing October 2, 2007.

2. Plaintiffs bring this action on behalf of themselves and persons similarly situated to protect the vested lifetime rights to medical benefits belonging to UAW Bargaining Unit retirees of Mack and their surviving spouses and dependents (collectively "Retirees" or "class members"), as provided for by the 2004 Master Agreement between Defendant and the International Union United Automobile Aerospace and Agricultural Implement Workers of American ("UAW" or "the Union"). This is a class action by Mack Retirees for violations of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), § 1001 *et seq.*

3. Retirees' medical benefits were created through labor-management agreements between the Union, which represented the Retirees while they were employed, and Defendant Mack.

4. Despite these contractual obligations to provide lifetime medical and prescription drug benefits coverage under Mack's group insurance program, Defendant Mack announced, on August 16, 2007, that it will reduce benefits for Retirees and require them to pay more for their healthcare. As to a large group of Retirees, those who are Medicare eligible and who retired on or after January 1, 1992, Mack proposes to terminate entirely their coverage under Mack's group insurance plan, instead offering a manifestly insufficient, once-a-year cash "reimbursement" for them to purchase their own insurance on the market. This "reimbursement" is no substitute at all for coverage under Mack's group insurance plan, and Retirees will have to pay substantially more for healthcare, even taking into account Mack's "reimbursement." As to the remaining Retirees, Mack proposes to increase the cost of their existing coverage under Mack's group insurance plan. All of these changes will have a severe and extremely negative impact on Retirees: Retirees will

have to pay more for medical coverage. As a result, they will either have to forgo necessary medical care, and thereby jeopardize their health, or give up other life necessities, such as food and utilities

5. More recently, Defendant Mack has now taken the position that it owes no duty to provide retiree, surviving spouse, or dependent health care whatsoever, once its current collective bargaining agreement with the Union expires, at 11:59 pm on October 1, 2007. In other words, Mack now contends that it is free to implement the reductions in Retirees' healthcare announced in its August 16, 2007 letter – or indeed any other changes – as early as October 2, 2007. This could result in the wholesale termination of Retirees' healthcare benefits.

6. Because Retirees are third-party beneficiaries to a contract between a labor organization and Defendant Mack Trucks, Plaintiffs may maintain this action and Defendants' conduct is actionable under Section 301 of the LMRA, 29 U.S.C. §185(a). Defendants' conduct further violates class members' vested rights under an employee benefit plan, and is therefore actionable in this Court under Section 502(a)(1) and (a)(3) of the ERISA, 29 U.S.C. §§1132(a)(1) and (a)(3).

7. Through their class-wide claims, Plaintiffs seek to enjoin Defendants from reducing or eliminating Retirees' health benefit coverage without their consent, and to require Defendants to perform their contractual and statutory obligations under the Master Agreement, the LMRA, and the ERISA; declaratory relief; damages; all other forms of equitable relief permitted by law; and reasonable attorneys' fees and costs.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §§ 185(c) and 1132(e)(1).

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

10. The Northern District of California has personal jurisdiction over Defendant Mack Trucks because the acts complained of occurred in this State and this District and because Defendant has qualified with the California Secretary of State to do business and is doing business in locations throughout California, including four locations in this District. Jurisdiction is proper

1  over Defendant Mack Health, Disability and Life Benefits for UAW Employees ("Mack Plan" or the
2  "Plan") because the Plan provides medical and prescription drug coverage to class members residing
3  in California.

4      11.    Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) & (c) because a
5  substantial part of the events giving rise to the claims described herein occurred in this District and
6  Defendants may be found within this District. Venue over Plaintiffs' LMRA claim is also proper
7  under 29 U.S.C. § 185(a); venue over their ERISA claim is proper under 29 U.S.C. § 1132(e).

8      12.    Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the San
9  Francisco/Oakland Division is proper because a substantial part of the events giving rise to claims
10 presented in this Complaint occurred in Alameda County.

## THE PARTIES

12     13.    Plaintiff Robert M. Evitt, Sr. worked for Mack at its Hayward, California facility
13 from 1966 until approximately 1980. He retired from Mack and draws a pension from the
14 Company. He is 75 years old. Plaintiff Evitt lives on a fixed income. He suffers from diabetes and
15 carotid artery disease, and has undergone quadruple bypass surgery. Given his medical condition,
16 he must visit his doctors regularly. He and his 76-year old wife Loretta receive health care under the
17 Mack Plan. Both take multiple prescription medications. He resides in Hayward, California. He
18 regularly visits doctors in Hayward and Union City, California. He purchases prescription
19 medications in Hayward, California.

20     14.    Plaintiff Joel Ortega worked for Mack at its Hayward, California facility from 1966
21 until approximately 1980. He continued working for Mack at other facilities until he retired in
22 2006. He is 66 years old. Plaintiff Ortega lives on a fixed income. He suffers from diabetes and
23 high blood pressure, and had a heart attack last year. Given his medical condition, he must visit his
24 doctors regularly. He and his 74-year old wife Carmen receive health care under the Mack Plan.
25 Both take multiple prescription medications. He resides in Milpitas, California. He regularly visits
26 doctors in Fremont, San Jose, and Milpitas, California. He purchases prescription medications at a
27 pharmacy on the border of Milpitas and San Jose, California.

15.     Plaintiff Loretta Evitt is a married to Plaintiff Robert M. Evitt, Sr., and receives healthcare benefits provided by Mack as Plaintiff Robert Evitt's dependent. She is 76 years old. She lives on a fixed income. She regularly sees a gynecologist and an orthopaedic surgeon for her medical conditions, which are not at this time fully diagnosed and may require additional and costly medical care, including surgery, once a diagnosis is complete. She also sees her physician for high blood pressure. She takes three prescription medications, which she purchases at a pharmacy in Hayward, California. She resides with her husband in Hayward, California and regularly visits doctors in Hayward and Union City, California.

16.     Defendant Mack Trucks is a Pennsylvania corporation that is registered to and does business in California and is therefore an "employer" engaged in interstate commerce pursuant to the LMRA. Defendant Mack Trucks is also a "sponsor," a "fiduciary," and a "plan administrator" of the Mack Health, Disability and Life Benefits for UAW Employees Plan ("the Plan"), as those terms are used in ERISA.

17.     Defendant Mack Trucks currently maintains fifteen dealer and service locations in California, including locations in the cities of Napa, Oakland, Santa Rosa, and South San Francisco. Defendant operated a manufacturing facility in Hayward, California for 15 years.

18.     Defendant Plan is an "employee benefit plan" within the meaning of the ERISA. Defendant Plan sponsors and administers the Plan in this District to class members who reside here and who receive benefits in this District.

**COMMON FACTUAL ALLEGATIONS**

19.     Since 1958, Mack and the Union have entered into a series of similarly structured "Master Agreements" governing all of the Mack facilities whose employees are represented by the Union. The current Master Agreement expires at 11:59 pm on October 1, 2007.

20.     In a series of Master Agreements between the Union and Mack, Mack repeatedly promised to provide retirees, their surviving spouses, and their dependents with lifetime health care benefits under the Mack Plan. These promises are reaffirmed in the 2004 Master Agreement now in effect.

21. The 2004 Master Agreement provides for pension and health insurance benefits, the details of which are set forth in Appendix A and Appendix B, respectively, and are incorporated by reference into the Master Agreement.

22. As set forth in Article IV, Section 5 of Appendix B to the 2004 Master Agreement, Defendant Mack Trucks administers and is the named fiduciary with respect to Defendant Plan.

23. Appendix B sets forth an "Insurance Program," including a program for healthcare benefits, that Mack has committed to provide pursuant to its Master Agreement with the Union. Pursuant to that agreement, "the Company *shall* arrange for group insurance coverage as here and after provided."

24. Article III of Appendix B to the Master Agreement describes in detail the benefits to be provided under the "Hospital-Surgical-Medical-Prescription Drug-Catastrophic Medical-Dental-Vision Expense Plan" that the Company "shall" arrange. The "Hospital-Surgical-Medical-Prescription Drug-Catastrophic Medical-Dental-Vision Expense Plan" that Mack has provided for is coverage pursuant to the "Mack Plan."

25. A description of the Mack Plan is contained in the 2004 Summary Plan Description ("SPD"). Mack is the Plan Administrator and Sponsor.

26. Pursuant to the Master Agreement, Retirees' eligibility for healthcare coverage is tied to eligibility for coverage under the Pension Plan.

27. The Mack Master Agreement incorporates into the agreement "letters" which memorialize the parties' intent. Letter #16 to the current master agreement states: "The Company fully recognizes, acknowledges and hereby confirms that retiree health care benefits for Mack-UAW employees have been and will continue to be *lifetime benefits*." The parties adopted this language in each of the four Master Agreements entered into between Mack and the Union since 1992. They also included this language in Appendix B to each of the four Master Agreements executed since 1992.

28. The 2004 Master Agreement provides for the continuation of medical benefits, as set forth in Article III of Appendix B, to retirees, surviving spouses and their dependents. Pursuant to Article III, Section 8(f), the coverage described in this Article "will be continued at Company

expense for retirees and their dependents (not including any employee who has less than ten (10) years of credited service and retires while on a sick leave or a former employee entitled to or receiving a deferred vested pension)." This coverage extends to surviving spouses, as defined in Article III, Section 7(e). These benefits are summarized in a Summary Plan Description ("SPD"), dated January 1, 2004, provided by Defendant to Retirees, dated January 1, 2004.

29. Article III, Section 7(d) of the Insurance Program further requires that Defendant make "monthly contributions on behalf of retired employees . . . and their eligible dependents towards the cost of" the healthcare expense coverages provided for under this Article "equal to the full subscription rate or premium." Letter of Agreement No. 7 to Appendix B memorializes the parties' intent in adopting this language and states that "the Company has expressly agreed that hospital-surgical-medical-prescription drug-catastrophic medical-dental-vision expense coverage will be continued at Company expense for retirees and their dependents."

30. On or about August 16, 2007, Defendant Mack issued a letter to retirees and surviving spouses receiving coverage under the Mack Plan that it intended to implement reductions in their medical benefits. The letter described the reductions and stated that through these reductions, Mack was now "requiring our bargaining unit retirees to pay a larger share of their health care costs." Mack initially stated that it would implement these changes on April 1, 2008.

31. Plaintiffs Robert M. Evitt, Sr., Loretta Evitt, and Joel Ortega received a copy of this letter at their residences.

32. At no point did Defendant Mack or the Mack Plan obtain the consent of Retirees to the changes described in its August 16, 2007, letter, or any other reductions in or termination of retiree, surviving spouse, and dependent healthcare coverage.

33. Although Defendant Mack initially stated that it would not implement the announced reductions to retiree, surviving spouse, and dependent coverage until April 1, 2008, it has recently asserted that it has no legal duty to provide any retiree, surviving spouse, and dependent medical coverage once its current Master Agreement with the Union expires at 11:59 pm on October 1, 2007. Defendant Mack now takes the legal position that it is free to implement the changes announced in its August 16, 2007 letter *or any other changes* on October 2, 2007. Defendant

1  Mack's current legal position could result in a dramatic reduction or even *wholesale termination* of
2  Plaintiffs' medical benefits coverage..

3  34. Plaintiffs live on fixed incomes. Any reductions in their medical benefits that
4  increase their healthcare costs will cause Plaintiffs great financial hardship, and also force them
5  either to forego needed medical care, or reduce other necessary life expenses, like food or utilities.
6  Defendants' threat to reduce or eliminate their healthcare coverage is causing Plaintiffs emotional
7  distress. Any reductions in Retirees' healthcare coverage will inflict the same harm on all members
8  of the proposed class.

## CLASS ACTION ALLEGATIONS

10  35. Plaintiffs bring the First and Second Claims for Relief for violations of 29 U.S.C.
11  §§ 185 and 1132(a)(1)(B) and (a)(3) as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1),
12  (b)(2), and/or (b)(3), on behalf of themselves and the following Plaintiff Class:

> All persons who are retirees of Mack Trucks, their surviving spouses,
> or their dependents, and are currently receiving medical benefits under
> the Mack Plan.

16  All Plaintiffs are members of the Plaintiff Class on whose behalf the First and Second Claims for
17  Relief are brought.

18  36. The Plaintiff Class is so numerous that joinder of all members is impracticable.
19  Plaintiffs are informed and believe, and on that basis allege, that thousands of persons are retirees,
20  surviving spouses of retirees of Mack Trucks, or their dependents, and are currently receiving
21  medical benefits under the Mack Plan. Although the exact number and identities of class members
22  are unknown to Plaintiffs at this time, this information is readily ascertainable from Defendants
23  through discovery of their records.

24  37. Common questions of law and fact predominate over any questions affecting
25  individual class members. Questions of law and fact common to members of the Plaintiff Class as a
26  whole include, but are not limited to, the following:

      a.    Whether, pursuant to the UAW-Mack Master Agreement, Plaintiffs and class members have a vested right to lifetime health care coverage under Mack's group insurance plan at Company-expense;

      b.    Whether reductions in or termination of the healthcare coverage of Plaintiffs and class members without their consent violates Defendant Mack's obligations under Section 301 of the LMRA;

      c.    Whether reductions in or termination of the healthcare coverage of Plaintiffs and class members without their consent violates the obligations of Defendant Mack and Defendant Mack Plan to provide benefits in accordance with the terms of an ERISA employee benefits plan.

38. Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs have retained counsel competent and experienced in complex class actions and federal labor and employment litigation. Plaintiffs' interests are co-extensive with those of class members, and are not antagonistic to them.

39. Plaintiffs' claims are typical of class members' claims. Like other class members, they are Retirees subsisting on fixed incomes who require regular access to medical services and prescription medications. Like other class members, they will face increased healthcare costs if Defendant reduces or terminates their benefits. Because of Defendants' conduct, Plaintiffs risk losing their vested lifetime healthcare benefits and will suffer irreparable harm, including but not limited to foregone medical care, financial hardship, emotional distress, and possible deprivation of life necessities if they are forced to reallocate scant resources to pay for needed health care.

40. Class certification of the First and Second Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(B) because the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications.

41. Class certification of the First and Second Claims for Relief is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds

1  generally applicable to the Class, making appropriate declaratory and injunctive relief with respect
2  to Plaintiffs and the Plaintiff Class as a whole.

3      42.    Class certification of the First and Second Claims for Relief is also appropriate under
4  Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Plaintiff Class
5  predominate over any questions affecting only individual members of the Plaintiff Class, and
6  because the class action device is superior to other available methods for the fair and efficient
7  adjudication of this litigation.

**FIRST CLAIM FOR RELIEF**

(LMRA Section 301, 29 U.S.C. § 185,
Brought By Plaintiffs On Behalf Of Themselves And As The Class
against Defendant Mack)

11      43.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and
12  incorporate by reference all preceding paragraphs as if fully set forth herein.

13      44.    In the years before their retirements and at the time they retired, Plaintiffs' medical
14  benefits were the subject of labor agreements between Defendant and the Union.

15      45.    Defendant is an employer engaged in interstate commerce and the Union is a labor
16  organization within the meaning of the LMRA.

17      46.    The 2004 Master Agreement and predecessor Master Agreements between Defendant
18  and the Union are labor-management agreements. In the 2004 Master Agreement and predecessor
19  Master Agreements, Defendant repeatedly promised to provide Plaintiffs and the proposed class
20  with lifetime medical coverage under the Mack Plan at Company expense. Pursuant to these
21  promises, Plaintiffs and members of the proposed class have vested rights to lifetime medical
22  benefits. These vested rights do not expire when the current Master Agreement between Defendant
23  and the Union expires.

24      47.    Defendant has threatened to reduce or eliminate the healthcare benefits of Plaintiffs
25  and the proposed class once the current Master Agreement expires on October 1, 2007. Plaintiffs
26  and the proposed class have not consented to any reduction in or elimination of their healthcare
27  coverage.

48. Defendant's announced changes, and any other changes, to the vested lifetime medical benefits of Plaintiffs and the proposed class without their consent is a breach of the 2004 Master Agreement and predecessor Master Agreements, and is thus a violation of LMRA Section 301, 29 U.S.C. § 185.

49. Defendant's conduct will cause irreparable injury to Plaintiffs and the proposed Class.

**SECOND CLAIM FOR RELIEF**

(Violation of ERISA Benefits Plans, ERISA Section 502(a)(1) and (a)(3), 29 U.S.C. §§ 1132(a)(1) and (a)(3), Brought By Plaintiffs On Behalf Of Themselves And As The Class Against Defendant Mack and Defendant Mack Plan)

50. Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

51. Plaintiff Retirees received health insurance coverage under the Mack Plan, which was created by the Master Agreement between Defendant Mack and the Unions. The Master Agreement identifies the policies and methods of funding the Insurance Program and provide for the plans' operation, administration, amendment, and payment structure. Defendant Mack Plan is a "Plan" within the meaning of ERISA. Defendant Mack is the Plan sponsor and administrator.

52. The current Master Agreement and predecessor Master Agreements create vested rights for Mack retirees, surviving spouses, and their dependents to lifetime coverage under the Mack Plan at Company expense. These vested rights do not expire when the current Master Agreement expires.

53. Defendant has threatened to reduce or eliminate the healthcare benefits of Plaintiffs and the proposed class once the current Master Agreement expires on October 1, 2007. Plaintiffs have vested rights to lifetime benefits under an ERISA Plan and both Defendant Mack and Defendant Mack Plan are required under ERISA to provide benefits consistent with the terms of the Plan. Defendant Mack's announced reductions, as well as any other reductions or wholesale termination of coverage currently provided to Plaintiffs and the proposed class under the Plan and to which they have not consented, violate the terms of an ERISA plan, and thus violate ERISA Section

502, 29 U.S.C. §1132(a)(1) and (3).  Plaintiffs have a right to clarify the rights to future benefits under the terms of an ERISA Plan pursuant to ERISA Section 502, 29 U.S.C. §1132(a)(1).

54. Defendants' conduct will cause irreparable injury to the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Plaintiff Class, pray that the Court:

A. Enter a temporary restraining order and preliminary injunction, pending a decision on the merits, that enjoins Defendants from implementing any reduction in or elimination of the healthcare coverage of Plaintiffs and members of the proposed class under the Mack Plan without their consent, and conditionally certify the proposed class for the purpose of such relief;

B. Certify this action as a class action on behalf of the proposed Plaintiff Class;

C. Designate Plaintiffs Robert M. Evitt, Sr., Loretta Evitt, and Joel Ortega as Representatives of the Plaintiff Class;

D. Designate Plaintiffs' counsel as Counsel for the Plaintiff Class;

E. Upon hearing the merits, enter a declaratory judgment that Plaintiffs and the proposed class have vested rights to lifetime health care under the Mack Plan at Company-expense, and a permanent injunction to prohibit Defendants from implementing any reduction in or termination of the healthcare coverage of Plaintiffs and the proposed class under the Plan absent their consent;

F. Award damages;

G. Award Plaintiffs their costs and expenses, including reasonable attorney's fees, expert witness fees, and costs of suit; and

H. Award such other further and additional relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Date: October 5, 2007

                            FRED H. ALTSHULER
                            LINDA LYE
                            JAMIE L. CROOK
                            ALTSHULER BERZON LLP

                            By: /s/ Linda Lye
                                 Linda Lye

*Attorneys for Plaintiffs Robert M. Evitt, Sr., Joel Ortega, Loretta Evitt, and the proposed Plaintiff Class*