JOHN C. KLOOSTERMAN, Bar No. 182625
ELIZABETH C. YOUNG, Bar No. 245400
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:   415.433.1940
Facsimile:   415.399.8490
E-mail: jkloosterman@littler.com
        eyoung@littler.com

Attorneys for Defendants
MACK TRUCKS, INC.; MACK HEALTH,
DISABILITY AND LIFE BENEFITS FOR UAW
EMPLOYEES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT EVITT and JOEL ORTEGA, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACK TRUCKS, INC. and MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES,<br><br>Defendant. | Case No. C-07-4830 VRW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: November 1, 2007<br>Time: 2:30<br>Place: Courtroom 6<br>Judge: Hon. Vaughn R. Walker |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

MPA
(NO. C-07-4830 VRW)

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTS ........................................................................................................ 1

    A. The Parties ........................................................................................................... 1

    B. Retiree Health Coverage ...................................................................................... 2

    C. Mack Filed An Action For Declaratory Relief In the Eastern District Of Pennsylvania ......................................................................................................... 2

    D. Plaintiffs Filed The Instant Action For Declaratory Relief In The Northern District Of California, Seeking Resolution Of The Same Issue. ......................... 3

    E. Geographical Locations Of Class Of Retirees and Surviving Spouses ............... 3

III. COMITY REQUIRES THAT THIS ACTION BE DISMISSED, STAYED OR TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA ....................... 5

IV. THIS ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA IN THE INTEREST OF JUSTICE PER 28 U.S.C. §1404(A) ............. 6

    A. Venue Is Proper In The Eastern District of Pennsylvania ................................... 7

    B. Transferring The Case Will Promote The Interests of Justice ............................ 8

        1. The Convenience Of The Parties Weighs In Favor Of Transfer ............. 8

        2. The Convenience Of Witnesses Weighs In Favor Of Transfer ............... 9

        3. Where The Events Occurred And The Relative Ease Of Access To Sources Of Proof Both Favor Transfer .................................................... 9

        4. This Action Can And Should Be Consolidated With The Action Currently Pending In The Eastern District Of Pennsylvania ................... 10

V. CONCLUSION .............................................................................................................. 11

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# TABLE OF AUTHORITIES

PAGE

## CASES

*Church of Scientology of California v. United States Department of the Army,*
   611 F.2d 738 (9th Cir. 1979) .................................................................................................. 5

*Commercial Lighting Prods., Inc. v. U.S. Dist. Court,*
   537 F.2d 1078 (9th Cir. 1976) ................................................................................................ 7

*Commodity Futures Trading Comm'n v. Savage,*
   611 F.2d 270 (9th Cir. 1979) .................................................................................................. 6

*Decker Coal v. Commonwealth Edison Co.,*
   805 F.2d 834 (9th Cir. 1986) ............................................................................................. 6, 8

*F.A.I. Electronics Corp. v. Chambers,*
   944 F.Supp. 77 (D. Mass. 1996) ............................................................................................ 9

*Fluor Corp. v. Pullman, Inc.,*
   446 F.Supp. 777 (W.D. Okla. 1977) ...................................................................................... 9

*Goodyear Tire & Rubber v. McDonnell Douglas Corp.,*
   820 F. Supp. 503 (C.D.Cal. 1992) ......................................................................................... 7

*Helfant v. Louisiana & Southern Life Ins. Co.,*
   82 F.R.D. 53 (E.D.N.Y. 1979) ............................................................................................... 8

*Hoffman v. Blaski,*
   363 U.S. 335 (1960) ............................................................................................................... 7

*Koster v. Lumbermen's Mutual Casualty Co.,*
   330 U.S. 518 (1947) ............................................................................................................... 8

*Lewis v. ABC Business Services, Inc.,*
   135 F.3d 389 (6th Cir. 1998) ................................................................................................. 8

*Lou v. Belzberg,*
   834 F.2d 730 (9th Cir. 1987) ................................................................................................. 8

*Maxlow v. Leighton,*
   325 F.Supp. 913 (E.D. Pa. 1971) ......................................................................................... 10

*Mercury Serv., Inc. v. Allied Bank of Texas,*
   117 F.R.D. 147 (C.D. Cal. 1987), *aff'd*, 907 F.2d 154 (9th Cir. 1990) ................................ 7

*Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.,*
   659 F.Supp. 526 (W.D. Mo. 1987) ........................................................................................ 9

*O'Hopp v. Contifinancial Corp.,*
   88 F.Supp.2d 31 (E.D.N.Y. 2000) ......................................................................................... 8

*Pacesetter Systems, Inc. v. Medtronic, Inc.,*
   678 F.2d 93 (9th Cir. 1982) ................................................................................................... 5

*Rexam v. United Steel Workers,*
   2003 WL 22477858 (D. Minn. 2003) .................................................................................... 6

*Rodgers v. Northwest Airlines, Inc.,*
   202 F.Supp. 309 (1962) ....................................................................................................... 11

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE**

*Schneider v. Sears,*
  265 F.Supp. 257 (1967) .................................................................................................. 11

*Sloan v. Borgwarner Diversified Transmission Products, Inc.,*
  2006 WL 1662634 (E.D. Mich. 2006) ......................................................................... 6, 10

*Stolz v. Barker,*
  466 F.Supp. 24 (M.D.N.C. 1978) ..................................................................................... 8

*Van Dusen v. Barack,*
  376 U.S. 612 (1964) ..................................................................................................... 6, 10

## STATUTES

28 U.S.C. §84(a) ...................................................................................................................... 4

28 U.S.C. §118(a) .................................................................................................................... 7

28 U.S.C. §1391(c) .................................................................................................................. 7

28 U.S.C. §1404(a) .................................................................................................................. 7

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

MPA
(NO. C-07-4830 VRW)

iii.

## I. INTRODUCTION

Despite being brought by two individuals who have retired from Defendant Mack Trucks, Inc. ("Mack"), the crux of this action is a dispute between Mack and the labor organization representing its employees, the United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("UAW"), over retiree health care benefits. This action exactly duplicates an existing class action pending in the Eastern District of Pennsylvania, Reading Division, between Mack and the UAW – both cases involve the same putative class, the same legal issues and seek mirroring declaratory relief. But this District has an *extremely* attenuated connection to the circumstances that bring the parties before this Court – ***only 0.4% of the putative class resides within this District while 43% reside in the Eastern District of Pennsylvania and 89% reside within 250 miles of the court in which the Pennsylvania action is pending***. The incidents at issue occurred in the Eastern District of Pennsylvania and the potential witnesses and evidence are primarily located in the Eastern District of Pennsylvania; none of the witnesses (except perhaps the named plaintiffs) or evidence are located in (or within thousands of miles of) this District. These facts, which Plaintiffs cannot deny, lead to the inescapable conclusion that Plaintiffs are forum shopping; otherwise, they would seek relief in association with the existing Pennsylvania action. Defendants request that this Court hold to established principles of comity and policy and either dismiss this action, stay it or transfer it to the Eastern District of Pennsylvania so it can be consolidated with the action pending in that court.

## II. RELEVANT FACTS

### A. The Parties

Mack is a leading truck manufacturing company, incorporated in Pennsylvania and headquartered in Allentown, Pennsylvania. (Vikner Decl. ¶2.) Mack's main assembly facility is located in Macungie, Pennsylvania, as is its Engineering Development and Test Center. Mack also has a Remanufacturing Center located in Middleton, Pennsylvania. Mack's engine and transmission manufacturing facility is located in Hagerstown, Maryland. Mack has Parts Distribution Centers located in Maryland, Illinois, Florida, Texas, and Nevada. Mack's Regional Sales offices are located in Pennsylvania, Georgia, Illinois, Texas, and Washington. Mack does not have any facilities,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

MPA
(NO. C-07-4830 VRW)                    1.

offices or other places of businesses in California, let alone within this District. Mack used to have a facility in Hayward, California, but that facility closed 27 years ago in 1980. *Id.*

The UAW is a labor organization serving as the collective bargaining representative for certain Mack employees at various Mack facilities, including current facilities in Pennsylvania, Maryland and Florida. The UAW formerly served as the bargaining representative for certain employees at Mack facilities that are now closed. The UAW is based in Detroit, Michigan.

Plaintiffs Evitt and Ortega are Mack retirees who worked at the Hayward plant before it closed in 1980. Plaintiffs just amended their complaint to include Mrs. Evitt as an additional plaintiff. Mrs. Evitt is neither a retiree nor a surviving spouse – she is Mr. Evitt's dependent.

**B. Retiree Health Coverage**

The 2004 Master Agreement between Mack and the UAW provided for the continuation of the Mack Health, Disability, and Life Benefits For UAW Employees Plan ("the Plan"). Among other things, the Plan provides healthcare benefits to all Mack retirees and their spouses and dependents, as well as all surviving spouses and dependents of deceased retirees. The Plan is administered in Allentown, Pennsylvania. (Vikner Decl. ¶3.)

The 2004 Master Agreement was set to expire by its terms on October 1, 2007 but it has been extended to October 31, 2007 by agreement between Mack and the UAW. *Id.* On or about August 13, 2007, Mack advised the UAW and the individual retirees and surviving spouses that it intended to continue the Plan after the expiration of the 2004 Master Agreement until April 1, 2008, but would thereafter implement certain changes to the retiree benefits. (Vikner Decl. ¶4.)

**C. Mack Filed An Action For Declaratory Relief In the Eastern District Of Pennsylvania.**

Because of the UAW's adamant opposition to Mack's proposed changes to retiree benefits, on September 7, 2007, Mack filed an action for declaratory judgment in the District Court for the Eastern District of Pennsylvania. The case (Civ 07-3737 TMG) was assigned to United States District Judge Thomas M. Golden in the Reading Division. (Request for Judicial Notice ¶1 and Exh. A.) Named as defendants are the UAW, five UAW locals and Carl Breininger as an individual and on behalf of all Mack retirees and their spouses and dependents of deceased retirees

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

MPA
(NO. C-07-4830 VRW)    2.

and deceased employees who are receiving health benefits for retired employees and surviving spouses under the Plan. *Id.* This action was brought pursuant to §301 of the Labor-Management Rights Act ("LMRA") and §502 of the Employee Retirement Income Security Act ("ERISA"). *Id.* In this action, Mack is seeking a judicial declaration that Mack is able to implement the intended April 1, 2008 changes. *Id.*

### D. Plaintiffs Filed The Instant Action For Declaratory Relief In The Northern District Of California, Seeking Resolution Of The Same Issue.

On September 20, 2007, Plaintiffs Evitt and Ortega, presumably with the UAW's backing,[1] filed the instant class action for declaratory relief, naming Mack and the Plan as Defendants. Like the Pennsylvania action, Plaintiffs seek a class consisting of "all persons who are retirees of Mack, their surviving spouses, or their dependents and are currently receiving medical benefits under the Mack Plan."[2] (Amended Complaint, ¶2.) Like the Pennsylvania action, this action was brought pursuant to §301 of the LMRA and §502 of ERISA. (Amended Complaint, ¶¶43-54.) Like the Pennsylvania action, Plaintiffs seek a judicial declaration about Mack's intended changes to retiree health benefits. (Amended Complaint, Prayer For Relief (E).)

### E. Geographical Locations Of Class Of Retirees and Surviving Spouses.

As of July 3, 2007, retirees and surviving spouses who fall within the class definition reside in 38 states:

| STATE | NUMBER OF UAW RETIREES | NUMBER OF UAW SURVIVING SPOUSES | TOTAL |
| --- | --- | --- | --- |
| Pennsylvania | 2482 | 939 | 3421 |
| Maryland | 844 | 264 | 1108 |
| South Carolina | 228 | 10 | 238 |
| West Virginia | 157 | 53 | 210 |
| New Jersey | 130 | 70 | 200 |
| Florida | 140 | 54 | 194 |
| Georgia | 27 | 5 | 32 |
| California | 16 | 13 | 29 |
| North Carolina | 20 | 7 | 27 |
| Virginia | 15 | 12 | 27 |

---

[1] Plaintiffs' counsel, Altshuler Berzon LLP, represents the UAW. Further, Plaintiffs' pleadings reference the Pennsylvania action, which Plaintiffs presumably would not have known about except through the UAW and/or its counsel.
[2] The Pennsylvania complaint seeks a class of "all Mack retirees and their spouses and dependents, as well as all surviving spouses and dependents of deceased retirees and deceased employees..." (Request for Judicial Notice Exh. A, ¶19.)

MPA
(NO. C-07-4830 VRW)                3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

| STATE | NUMBER OF UAW RETIREES | NUMBER OF UAW SURVIVING SPOUSES | TOTAL |
|---|---|---|---|
| New York | 9 | 14 | 23 |
| Texas | 9 | 4 | 13 |
| Arizona | 8 | 5 | 13 |
| Delaware | 6 | 3 | 9 |
| Tennessee | 6 | 3 | 9 |
| Ohio | 4 | 2 | 6 |
| Montana | 3 | 2 | 5 |
| Colorado | 2 | 2 | 4 |
| Kentucky | 2 | 2 | 4 |
| Nevada | 2 | 2 | 4 |
| Michigan | 2 | 1 | 3 |
| Missouri | 3 | 0 | 3 |
| Arkansas | 3 | 0 | 3 |
| Washington | 2 | 1 | 3 |
| Alaska | 2 | 0 | 2 |
| Maine | 1 | 1 | 2 |
| Idaho | 1 | 1 | 2 |
| Oregon | 1 | 1 | 2 |
| New Hampshire | 1 | 0 | 1 |
| Alabama | 1 | 0 | 1 |
| Minnesota | 1 | 0 | 1 |
| Illinois | 1 | 0 | 1 |
| Oklahoma | 1 | 0 | 1 |
| New Mexico | 1 | 0 | 1 |
| Hawaii | 1 | 0 | 1 |
| Wyoming | 0 | 1 | 1 |
| North Dakota | 0 | 1 | 1 |
| Iowa | 0 | 1 | 1 |

(Correll Decl. ¶1 and Exh. A.)

As this chart demonstrates, the overwhelming vast majority of retirees and surviving spouses reside in Pennsylvania – 3,421, which equates to 61% of the putative class. Additionally, over 1,500 putative class members reside in the adjacent states of Delaware, New Jersey, Maryland and West Virginia. Thus, that five state area accounts for over 88% of the putative class. If you look at a 250 mile radius around Reading, Pennsylvania, where the Pennsylvania case is pending, additional putative class members in New York and Virginia are added, resulting in about 89% of the putative class. (Kloosterman Decl. ¶2.) California, on the other hand, is home to only 29 potential class members, only 13 of whom (5 retirees and 8 surviving spouses) reside within this District.[3] (Kloosterman Decl. ¶3.) Of the Pennsylvania residents in the putative class,

---

[3] The judicial district of the U.S. District Court for the Northern District of California is derived from 28 U.S.C. §84(a).

MPA
(NO. C-07-4830 VRW)                              4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

approximately 2,466 (1,860 retirees and 606 surviving spouses) reside in the Eastern District of Pennsylvania.[4] *Id.* Thus, only 0.5% of the putative class reside in California and only 0.2% reside within this District, while 43% reside in the Eastern District of Pennsylvania and 89% reside within a short distance of that District.

### III. COMITY REQUIRES THAT THIS ACTION BE DISMISSED, STAYED OR TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA

The "first-filed rule" is a generally recognized doctrine of federal comity that permits a district court to transfer, stay or dismiss an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 749 (9th Cir. 1979). According to the Ninth Circuit, "[n]ormally sound judicial administration would indicate that when ***two identical actions*** are filed in courts of concurrent jurisdiction, ***the court which first acquired jurisdiction should try the lawsuit*** and ***no purpose would be served by proceeding with a second action***." *Pacesetter Systems, Inc.*, 678 F.2d at 95 (*emphasis added*). The Ninth Circuit has further stated that "[t]he 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology*, 611 F.2d at 750.

The first-filed rule applies here. The Pennsylvania action was filed on September 7; this action was filed 13 days later after the UAW became aware of the Pennsylvania action. Examination of the two complaints indicates that the same parties in interest are involved in both suits, they both seek certification of the same class, the causes of action are the same, and both seek declaratory relief on the same issue. The central question in each is whether Mack is able to change the health benefits that it provides to UAW retirees and their surviving spouses. Therefore, the first-filed rule is applicable, and under the rule's application and Ninth Circuit precedent, the Eastern District of Pennsylvania should hear the action. There is no purpose served by proceeding with this identical, later-filed action in the Northern District of California.

---

[4] The judicial district of the U.S. District Court for the Eastern District of Pennsylvania is derived from 28 U.S.C. §118(a).

MPA
(NO. C-07-4830 VRW)                5.

Although district courts have some discretion to dispense with the first-filed rule where equity demands, there are no such equitable demands in this case. *Sloan v. Borgwarner Diversified Transmission Products, Inc.*, 2006 WL 1662634 (E.D. Mich. 2006). Equitable considerations include: (1) the interests of justice; (2) whether the plaintiff in the first action had notice that the defendant was considering filing suit; and (3) whether the first-filed action seeks declaratory relief. *Rexam v. United Steel Workers*, 2003 WL 22477858 (D. Minn. 2003).

The "interests of justice" consideration under the first-filed rule merges the rule into transfer of venue analysis. As discussed fully below, it is in the interest of justice to transfer this action to the Eastern District of Pennsylvania, where litigation will be more convenient for the parties and witnesses, and where the events occurred and sources of proof exist.

On the second point, Mack, the plaintiff in the first-filed action, had no notice that the defendant class in the first-filed action was considering filing suit. Accordingly, this factor does not amount to a compelling circumstance worthy of disregarding the first-filed rule. Finally, because both actions are requests for declaratory judgment, this factor does not favor either party. Accordingly, Defendants request that this Court abide by the first-filed rule and transfer this action to the Eastern District of Pennsylvania.

## IV. THIS ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA IN THE INTEREST OF JUSTICE PER 28 U.S.C. §1404(a)

28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under §1404(a), courts must balance the plaintiff's choice of forum against the burden of litigating in an inconvenient forum. *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Although the burden of showing that the "convenience of parties and witnesses" and "interests of justice" are served by transfer rests with the moving party, such determination is addressed to the inherent discretion of the trial court. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (citing *Van Dusen v. Barack*, 376 U.S. 612, 622 (1964)). The ultimate goal of a court in analyzing a motion to transfer venue is to serve both the convenience of the parties and witnesses, as well as the interests

of justice. *Mercury Serv., Inc. v. Allied Bank of Texas*, 117 F.R.D. 147, 154-55 (C.D. Cal. 1987), *aff'd*, 907 F.2d 154 (9th Cir. 1990).

In making this determination, courts look at whether venue is proper in the transferor district, whether the transferee district is one where the action might have been brought, and whether the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. *Goodyear Tire & Rubber v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D.Cal. 1992). Here, as discussed below, all of these factors weigh heavily in favor of transfer.

A.  **Venue Is Proper In The Eastern District of Pennsylvania.**

The first analytical question is whether the action could originally have been brought in the district to which transfer is sought. 28 U.S.C. §1404(a). An action may be brought in any district court if: (1) the court has subject matter jurisdiction; (2) the defendant would have been subject to personal jurisdiction; and (3) venue would have been proper. *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960); *Commercial Lighting Prods., Inc. v. U.S. Dist. Court*, 537 F.2d 1078, 1079 (9th Cir. 1976). Venue in this case is governed by 28 U.S.C. §§1391(b) and (c), 29 U.S.C. §185(a), and 29 U.S.C. §1132(e)(2).

Here, Plaintiffs could have initiated this action in the Eastern District of Pennsylvania. Subject matter jurisdiction exists by virtue of the federal question asserted by Plaintiffs under the LMRA and ERISA. The Eastern District of Pennsylvania has personal jurisdiction over Defendants because Mack's headquarters is located in Allentown, Pennsylvania, in Lehigh County, which is part of the Eastern District of Pennsylvania. 28 U.S.C. §118(a). Mack's truck assembly facility is located in neighboring Macungie, Pennsylvania, also part of Lehigh County and within the Eastern District of Pennsylvania. Venue is certainly proper in the Eastern District of Pennsylvania because "for purposes of venue ... a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced ..." 28 U.S.C. §1391(c). Because Mack is a corporation subject to personal jurisdiction in the Eastern District of Pennsylvania, venue in that District is proper. Accordingly, this action could easily have been brought in the Eastern District of Pennsylvania.

MPA
(NO. C-07-4830 VRW)                             7.

B.   **Transferring The Case Will Promote The Interests of Justice.**

To determine whether transfer will serve the interests of justice, the Ninth Circuit analyzes: (1) the convenience of the parties, including plaintiff's initial choice of forum; (2) the convenience of the witnesses; (3) where the events took place, and the relative ease of access to sources of proof; and (4) all other practical considerations that make the trial of a case easy, expeditious and inexpensive. *See, Decker Coal, supra*, 805 F.2d at 842-43.

1.   **The Convenience Of The Parties Weighs In Favor Of Transfer.**

When considering the convenience of the parties, courts ordinarily give deference to a plaintiff's choice of forum. *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Here, however, any weight given Plaintiffs' choice is diminished due to their attempt to represent a class. *Koster v. Lumbermen's Mutual Casualty Co.*, 330 U.S. 518, 525 (1947).[5] The Eastern District of Pennsylvania is undoubtedly the more convenient forum for Mack, which is headquartered in Allentown, and for the Plan, which is administered in Allentown. Although the two representative Plaintiffs are located in California, they seek to represent plaintiffs nationwide, 89% of whom are located within 250 miles of Reading, Pennsylvania. Of the potential class of UAW retirees and surviving spouses, which includes over 5,500 individuals, only 29 potential members (0.5%) reside in California, and only 13 of these California residents (0.2%) reside in the Northern District. Compare this to Pennsylvania, where over 3,400 potential class members (61%) currently reside. Of these Pennsylvania residents, approximately 2,466 (43%) reside in the Eastern District of Pennsylvania. These numbers speak for themselves, making it clear that the Eastern District of Pennsylvania is the more convenient forum for the potential class members in this action.

Further, because there is currently an action pending in the Eastern District of Pennsylvania involving the same class as that which Plaintiffs seek to represent in this action, and because the Pennsylvania action involves the identical issue that the Plaintiffs seek declaration of

---

[5] Other courts similarly have held that a plaintiff's choice of forum is given less weight in the class context. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citing *Helfant v. Louisiana & Southern Life Ins. Co.*, 82 F.R.D. 53, 58 (E.D.N.Y. 1979)(ordering transfer where potential existence of numerous class "considerably weakens" plaintiff's stake in chosen forum) and *Stolz v. Barker*, 466 F.Supp. 24, 27 (M.D.N.C. 1978) (ordering transfer because, in a derivative class suit, plaintiff is "almost an insignificant figure"); *O'Hopp v. Contifinancial Corp.*, 88 F.Supp.2d 31, 35 (E.D.N.Y. 2000).

MPA
(NO. C-07-4830 VRW)                               8.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

here, the parties would save expenses by consolidating this action with the Pennsylvania action. *See Fluor Corp. v. Pullman, Inc.*, 446 F.Supp. 777 (W.D. Okla. 1977) (consolidating actions saves both parties time and expense, and avoids the possibility of inconsistent results).

### 2. The Convenience Of Witnesses Weighs In Favor Of Transfer.

Witness convenience, often considered the most important factor warranting transfer, supports moving this matter to the Eastern District of Pennsylvania. *See, e.g., F.A.I. Electronics Corp. v. Chambers*, 944 F.Supp. 77, 80-81 (D. Mass. 1996); *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F.Supp. 526, 532 (W.D. Mo. 1987) (convenience of witnesses "primary factor" warranting transfer). Mack is headquartered in Allentown and the Plan is administered in Allentown. Accordingly, Defendants' witnesses and information about the decision to change benefits, and about the administration of the Plan generally, can be found there. Allentown is within the Eastern District of Pennsylvania, and is about 35 miles from Reading but about 2,850 miles from San Francisco. (Kloosterman Decl. ¶2). Additionally, any relevant UAW witnesses and information are likely to be located in Detroit, which is about 540 miles from Reading but about 2,400 miles from San Francisco.[6] (Kloosterman Decl. ¶2). Any inconvenience experienced by West Coast witnesses as a result of litigating in Pennsylvania will certainly be overcome by the convenience of a closer forum for the majority of witnesses, including the 98% of potential class members who reside east of the Mississippi River.[7] Accordingly, convenience of these witnesses points to the Eastern District of Pennsylvania.

### 3. Where The Events Occurred And The Relative Ease Of Access To Sources Of Proof Both Favor Transfer.

These factors clearly support moving this case to the Eastern District of Pennsylvania. The key issue to be determined is Mack's ability to change the healthcare benefits that it has previously provided to UAW retirees and their surviving spouses. Determination of this issue will depend upon testimony of those persons most knowledgeable regarding the benefits provided under the Plan and those involved in the decision to reduce any benefits. The Court will be also be asked

---

[6] Plaintiffs filed two declarations from UAW-affiliated witnesses along with their injunction papers. Both of those witnesses are located in the Detroit area.
[7] Only 93 potential class members (1.7%) reside west of the Mississippi River.

MPA
(NO. C-07-4830 VRW)                                        9.

to consider any bargaining history between UAW and Mack. Mack is a Pennsylvania corporation, and it is headquartered in the Eastern District. The Plan is administered in Allentown, and the primary decisions regarding benefits provided under the plan were made in Pennsylvania, by persons located in Pennsylvania. None of the persons most knowledgeable about the decision to change benefits, and about the administration of the Plan generally, can be found in California. The UAW witnesses are likely in Detroit, which is far closer to the Eastern District of Pennsylvania (540 miles) than it is to this District (2,400 miles).

Because the parties' collective bargaining history and agreements may be relevant to this action, the Court should also take into account where the actual negotiating of the collective bargaining agreements took place. *See Sloan v. Borgwarner Diversified Transmission Products, Inc.*, 2006 WL 1662634 (E.D. Mich. 2006). Mack negotiated the 2004 Master Agreement with the UAW in the Eastern District of Pennsylvania, and these negotiations included issues pertaining to healthcare benefits provided to Mack retirees. (Vikner Decl. ¶3-4). Thus, any relevant evidence of bargaining history between Mack and the UAW can be found in Pennsylvania or in with the UAW in Detroit. No such evidence will be found in California, where Mack has no place of business and has had no operations for 27 years. Thus, this factor also overwhelmingly supports transfer.

### 4. This Action Can And Should Be Consolidated With The Action Currently Pending In The Eastern District Of Pennsylvania.

The feasibility of consolidation is a significant factor in a transfer decision. *Van Dusen v. Barrack*, 376 U.S. 612 (1964). Transferring venue in order to possibly consolidate cases pending before a district court is enough, on its own, to satisfy the interest of justice. *See Maxlow v. Leighton*, 325 F.Supp. 913, 915 (E.D. Pa. 1971). Under Rule 42 of the Federal Rules of Civil Procedure, consolidation is discretionary; a court can consolidate pending actions involving a common question of law or fact. Because the parties in interest to the Eastern District action and the current action are identical, and because both actions seek resolution of an identical question of law, these actions can and should be consolidated. Consolidation is highly feasible, and it is therefore in the interest of justice to transfer the instant action to the Eastern District of Pennsylvania.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

MPA
(NO. C-07-4830 VRW)                10.

Even if consolidation is not feasible, which Defendants argue it is, the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties. *Schneider v. Sears*, 265 F.Supp. 257 (1967); *Rodgers v. Northwest Airlines, Inc.*, 202 F.Supp. 309 (1962). The pendency of the Eastern District action between the same parties, involving the same issue as this action, must be considered heavily in favor of granting Defendants' transfer motion.

## V.  CONCLUSION

For each and all of the foregoing reasons, Mack respectfully urges the Court to grant the subject motion and order the transfer of this case to the Eastern District of Pennsylvania.

Dated: October 8, 2007

/s/
JOHN C. KLOOSTERMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
MACK TRUCKS, INC.; MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES

Firmwide:83241118.1 800000.3500

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

MPA
(NO. C-07-4830 VRW)                          11.