JOHN C. KLOOSTERMAN, Bar No. 182625
JORJA E. JACKSON, Bar No. 226707
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-mail: jkloosterman@littler.com
jjackson@littler.com

Attorneys for Defendants
MACK TRUCKS, INC.; MACK HEALTH,
DISABILITY AND LIFE BENEFITS FOR UAW
EMPLOYEES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT EVITT and JOEL ORTEGA, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACK TRUCKS, INC. and MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES,<br><br>Defendant. | Case No. C-07-4830 VRW<br><br>**DECLARATION OF HUXTA IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: November 1, 2007<br>Time: 2:30<br>Place: Courtroom 6<br>Judge: Hon. Vaughn R. Walker |

I, Joseph Huxta, hereby declare and state:

1. I am the Manager - Health Care Strategy of Mack Trucks, Inc. and other affiliated entities. My office is located at 2100 Mack Boulevard, Allentown, PA 18103. I have personal knowledge of the facts set forth in this declaration, and if called upon to testify, could testify thereto.

2. The 2004 Master Agreement between Mack and the United Automobile, Aerospace and Agricultural Implement Workers of America, UAW ("UAW") expired by its own terms on October 1, 2007 but has been extended to October 31, 2007 by mutual agreement between Mack and the UAW.

3. Mack and the UAW have entered into successive Master Agreements since 1959. Since at least 1980, each Master Agreement has contained, in Appendix B to the agreement, an insurance program for retirees, their dependents and surviving spouses of retirees. This insurance program provides the UAW bargaining unit employees and retirees from those bargaining units with group health insurance coverage for medical expenses, including hospitalization, doctor visits, surgical care, prescription drugs, dental care and vision care.

4. The 1992 Master Agreement contained "caps" on retiree benefits, which are express dollar limitations on Mack's commitment to pay the cost of retiree health care benefit costs. The caps were negotiated because of an accounting standard (FAS 106), which required companies providing post-retirement welfare plans to recognize the expense of providing the benefit at the time an employee earns the right to the benefit, rather than when the claim is actually paid.

5. In early 1993, Mack advised the UAW that it needed to close one of its manufacturing facilities due to overcapacity. Mack proposed to keep the UAW-represented Macungie, Pennsylvania facility open and instead close another non-UAW represented facility in exchange for concessions to the newly negotiated collective bargaining agreement. The UAW agreed and on April 15, 1993, the parties signed a Memorandum of Agreement that confirmed the negotiated concessions, extended the expiration date and related notice/termination provisions of the 1992 Master Agreement from October 26, 1995 to October 30, 1998 (the "Extension Period"), and left the caps in place. However, the Memorandum of Agreement gave the UAW the right to reopen the agreement on the caps as of October 25, 1995 and strike if the parties could not reach agreement on all of the issues surrounding retiree health care, including the level of the caps during the Extension Period.

6. In negotiations for the 2001 Master Agreement, the UAW demanded an increase in the "caps." Mack refused. The parties compromised and Mack agreed to contribute $30 million to a Voluntary Employee Benefit Association ("VEBA") trust to cover the costs in excess of the "caps" for the duration of the new agreement and Mack also agreed in those negotiations to restore the VEBA's balance to $30 million at the expiration of the contract and to contribute whatever additional funds are necessary to fund projected costs in excess of the caps during the term

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF HUXTA ISO OPPOSITION TO
MOTION FOR PRELIM. INJUNCTION          2.          (NO. C-07-4830 VRW)

of the successor agreement.

7. In negotiations for the 2004 Master Agreement, the UAW demanded a similar funding agreement with respect to the VEBA. Mack refused but did agree to contribute significant additional funds to the VEBA Trust established under the 2001 Master Agreement and agreed that the VEBA Trust would not become insolvent during the term of the 2004-07 Master Agreement.

8. On August 13, 2007, the Company advised the UAW and the individual retirees and surviving spouses that it intended to continue without modification the retiree medical benefits as they currently exist until April 1, 2008, but would thereafter implement certain changes. The UAW opposed Mack's decision to change retiree benefits. The Pennsylvania declaratory relief action was filed as a result of the UAW's stated opposition.

I have read this Declaration and declare under penalty of perjury under the laws of the United States of America and the State of California, that it is true and correct.

Dated: October 15, 2007

*[signature]*
JOSEPH HUXTA

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF HUXTA ISO OPPOSITION TO
MOTION FOR PRELIM. INJUNCTION            3.            (NO. C-07-4830 VRW)