# EXHIBIT D

Westlaw.

Not Reported in F.Supp.2d                                                                                                           Page 1
Not Reported in F.Supp.2d, 2005 WL 1871117 (W.D.Wash.)
(Cite as: Not Reported in F.Supp.2d)

C
Rene v. Godwin Gruber, LLP
W.D.Wash.,2005.
Only the Westlaw citation is currently available.
United States District Court,W.D. Washington.
Delilah RENE, an individual, Plaintiff,
v.
GODWIN GRUBER, LLP, a Texas limited liability partnership, Brian Hail, an individual, Kevin Hail, an individual, and Neal Hail, and individual, Defendant.
No. C05-0770 MJP.

Aug. 2, 2005.

Kari L. O'Neill, Katherine Hendricks, O. Yale Lewis, Jr., Stacia N. Lay, Hendricks & Lewis, Seattle, WA, for Plaintiff.
John E. Garda, Robert H. Mow, Jr., Hughes & Luce, Dallas, TX, Roger J. Kindley, Ryan Swanson & Cleveland, Robert Jason Henry, Lasher Holzapfel Sperry & Ebberson, Seattle, WA, for Defendants.
Richard P. Lentini, Ryan Swanson & Cleveland, Seattle, WA, for Defendants and Claimant.

ORDER DENYING DEFENDANTS NEAL HAIL AND KEVIN HAIL'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE
PECHMAN, J.

*1 This motion comes before the Court on Defendants' request for dismissal or transfer due to improper venue. The Defendants argue against venue in the Western District of Washington because the Defendants, the corporations and assets involved reside in Texas and any visits to Washington were social in nature. The Plaintiff contends that she, her radio program and staff reside in Seattle and the parties conducted the majority of the business underlying the claims in Seattle. Having considered all pleadings and relevant papers associated with this motion, the Court DENIES the Defendants' motion to dismiss or transfer to Texas. The Court finds that venue is proper in Washington because a substantial part of the property and events giving rise to the claims occurred in Seattle and Defendants have not demonstrated a need justifying transfer.

BACKGROUND

Plaintiff has a syndicated radio program based in Seattle. She met Defendants Neal Hail and Brian Hail during a promotional visit to Texas in 2003. In summer 2003, Neal Hail arranged a trip to Seattle to discuss business opportunities. At this meeting, Plaintiff agreed to allow Neal and Brian Hail and Godwin Gruber to represent and advise her. Eventually, the Hails assisted Ms. Rene in exiting her contract with Jones radio and entering another with Premiere radio, although the extent of the assistance is disputed. The parties had further dealings through two Texas corporations, established for management of Plaintiff's media enterprise, and of which Kevin Hail was CEO. The relationship between Plaintiff and Defendants soon deteriorated resulting in this suit and counter suit. A dispute arose over the management of the corporations and proceeds from the Premiere contract, including Kevin Hail's transfer of $300,000 from a corporate account to an account under his control. Plaintiff removed Defendants as managers of the corporations and transferred her funds to a Seattle account.

DISCUSSION

An action based solely on diversity jurisdiction may be brought only in venues that meet the criteria of 28 U.S.C. § 1391(a). The chosen venue need not be the best venue, only a qualifying venue. See, Conttman Transmission Systems v. Martino, 36 F.3d 291, 294 (3rd Cir.1994) (the question is not the best forum); Bates v. C & S Adjusters, Inc., 980 F.2d 865, 867 (2d Cir.1992). As long as Western Washington meets the requirements of 28 U.S.C. 1391(a), venue is proper.

Defendants argue that venue is improper in Washington. They claim that Texas is the proper forum because the three individual Defendants and the Defendant LLP are domiciled in Texas. As all Defendants are all domiciled in the state, Texas quali-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 2
Not Reported in F.Supp.2d, 2005 WL 1871117 (W.D.Wash.)
**(Cite as: Not Reported in F.Supp.2d)**

fies as a venue based on 28 U.S.C. 1391(a)(1). However, venue can exist in multiple locations.

Western District of Washington qualifies as a proper forum under 28 U.S.C. 1391(a)(2) because a substantial part of the property and events giving rise to the claims occurred in Seattle. Venue requires more than "minimum contacts." The events must be substantial, have a nexus with the claims alleged, and reflect Defendants activities, not those of the Plaintiff. See, *Jenkins Brick v. Bremer,* 321 F.3d 1366, 1371 (11th Cir.2003); *Conttman Transmission Systems v. Martino,* 36 F.3d 291, 294 (3rd Cir.1994); *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir.1995).

*2 Washington state has more than "minimum contacts" with the events and activities of the Defendants. The locus of the injury in a tort action is a relevant factor in determining venue. *Myers v. Bennet Law Offices,* 238 F.3d 1068, 1076 (9th Cir.2001). Plaintiff alleges the torts of fraud, professional negligence and breach of fiduciary duty. Plaintiff lives and works in this District. Sixty percent of her radio contract income goes to a Washington bank account and she claims entitlement to the other forty percent which currently goes to the Hails. (Pl.'s Opp'n to Mot. at 17). Given her residence and maintenance of a bank account that plays a role in the financial dispute, Western Washington appears to be a locus of harm.

Additionally, substantial events arise out of the business email, letters, and phone calls from Defendants into the District as part of the professional relationship. Defendants also conducted business on several trips to Seattle. Even if these trips were mainly social, they cultivated the relationship with Plaintiff in furtherance of business. Plaintiff signed all contracts in Seattle, including her contract with Premiere and the formation documents for the two Texas corporations. (Pl.'s Opp'n to Mot. at 16); See, e.g., *Cummings v. Western Trial Lawyers Ass'n,* 133 F.Supp.2d 1144, 150 (D.Ariz.2001); *Pasulka v. Sykes,* 131 F.Supp.2d 988, 994 (N.D.Ill.2001); *Interlease v. Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.,* 262 F.Supp.2d 865, 913-14 (N.D.Ill.2003). Plaintiff and her radio program generate the revenue that comprises the sole assets at issue in the case. (Pl.'s Opp'n to Mot. at 14). Since this revenue is the "property" in dispute, the presence of the program, and related talent, in Seattle factors in favor of venue in the Western District of Washington.

CONCLUSION

The location of Plaintiff and her radio enterprise, Defendants' communications and trips, and the resulting effects on Plaintiff and her bank account in Seattle all form the heart of the dealings giving rise to the allegations in this case. As a result, Western Washington is a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). Although Texas has a strong claim for venue under 28 U.S.C. § 1391(a)(1), venue can exist in multiple locations, and the chosen venue does not need to be the best venue. As Defendants have shown no inconvenience to themselves or witnesses, or other reasons justice requires venue in Texas, they do not meet the burden of proof for transfer of venue under 28 U.S.C. 1404(a). The Court DENIES Defendant's motion to dismiss or transfer for improper venue.

The clerk is directed to provide copies of this order to all counsel of record.

W.D.Wash.,2005.
Rene v. Godwin Gruber, LLP
Not Reported in F.Supp.2d, 2005 WL 1871117 (W.D.Wash.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.