JOHN C. KLOOSTERMAN, Bar No. 182625
ELIZABETH C. YOUNG, Bar No. 245400
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-mail: jkloosterman@littler.com
eyoung@littler.com

Attorneys for Defendants
MACK TRUCKS, INC.; MACK HEALTH,
DISABILITY AND LIFE BENEFITS FOR UAW
EMPLOYEES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT EVITT and JOEL ORTEGA, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACK TRUCKS, INC. and MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES,<br><br>Defendant. | Case No. C-07-4830 VRW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXTEND TIME FOR FILING RESPONSIVE PLEADING OR, ALTERNATIVELY, TO CLARIFY DATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN KLOOSTERMAN**<br><br>FRCP 6(b); L.R. 6-3 |

**TO THE PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rule 6-3, Defendants Mack Trucks, Inc. and Mack Health Disability and Life Benefits For UAW Employees request that the Court change the time for Defendants to respond to Plaintiffs' First Amended Complaint. Defendants request that the response date, to the extent a response is necessary, be changed to 10 days after the Court issues an Order with regard to Defendants' Motion to Dismiss, Stay or Transfer, which this Court is set to hear on November 1, 2007. Defendants' Motion is based on this Notice of Motion And Motion, Memorandum Of Points And Authorities,

Declaration Of John Kloosterman, pleadings and papers on file in this action, and oral argument as the Court may permit.

Dated: October 24, 2007

/s/
JOHN C. KLOOSTERMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
MACK TRUCKS, INC.; MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

MOTION TO EXTEND TIME

2.

(NO. C-07-4830 VRW)

# MEMORANDUM OF POINTS AND AUTHORITIES

### A. Defendants Have Good Cause And Would Experience Substantial Harm Or Prejudice If The Court Did Not Change The Time.

Defendants Mack Trucks, Inc. and Mack Health Disability and Life Benefits For UAW Employees ("Mack") would experience substantial harm and prejudice if the Court does not change the date by which Mack must respond to Plaintiffs' First Amended Complaint. Civ. L. R. 6-3. A change in time is appropriate for several reasons.

- On September 25, 2007,[1] this Court set a briefing schedule for Mack's Motion to Dismiss, Stay or Transfer Venue, and for Plaintiffs' Motion for Preliminary Injunction.

- Plaintiffs filed their First Amended Complaint after 5 p.m. on Friday, October 5, 2007. Defendants' counsel was unaware that Plaintiffs intended to file an Amended Complaint and, because it was filed late on Friday, did not see the filing until the following Monday, October 8. Kloosterman Decl. ¶2. Nevertheless, pursuant to General Order 45, the Amended Complaint was deemed served on October 5, meaning a responsive pleading would normally be due on October 25.

- On Monday, October 8, pursuant to this Court's September 25 Order, Mack filed a Motion to Dismiss, Stay or Transfer Venue.

- Mack believes that its Motion to Dismiss, Stay or Transfer Venue relieves it of any obligation to respond to Plaintiffs' Amended Complaint until after the Court rules on that Motion. *See* FRCP Rule 12(a)(4). However, Mack is aware that its Motion to Dismiss, Stay or Transfer Venue may not do so because it requests dismissal pursuant to principles of comity.

- Whether dismissal is requested under FRCP Rule 12 or under comity, the underlying principle is the same – there is no need for a responsive pleading unless the action is not dismissed.

---

[1] Subsequent dates are 2007 unless otherwise noted.

For all of these reasons, Defendants would be substantially harmed and prejudiced if the response date is not extended or if the Court does not clarify that a responsive pleading is not necessary until after the Court rules on Defendants' Motion.

### B. Changing The Time Is Appropriate

#### 1. Defendants' Attempt To Obtain A Stipulation

In an abundance of caution, Mack attempted to obtain a stipulation from Plaintiffs' counsel to indicate that no responsive pleading was necessary prior to the Court's ruling on Mack's Motion. Plaintiffs' counsel refused. On October 24, Mack's counsel spoke with Linda Lye, counsel for Plaintiffs, and asked her to stipulate that Mack's response to the Amended Complaint, if one was necessary, would be due 10 days after this Court ruled on Mack's motion. Ms. Lye indicated she needed to talk with someone else and would respond at a later time. Later that day, Ms. Lye called Mack's counsel and indicated that Plaintiffs would not agree to the stipulation. Accordingly, Mack is filing this motion. Kloosterman Decl. ¶3.

#### 2. Previous Time Modifications

There have been no previous time modifications in this case.

#### 3. Effect On Schedule

There will be no effect on the schedule, as a response to the Amended Complaint would be irrelevant prior to the November 1 hearing and may be irrelevant thereafter if this Court grants Mack's Motion to Dismiss, Stay or Transfer Venue.

II.  **CONCLUSION**

    For the reasons described above, Mack's motion to change time should be granted.

Dated: October 24, 2007

    /s/
JOHN C. KLOOSTERMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
MACK TRUCKS, INC.; MACK HEALTH,
DISABILITY AND LIFE BENEFITS FOR
UAW EMPLOYEES

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

MOTION TO EXTEND TIME

5.

(NO. C-07-4830 VRW)

# DECLARATION OF JOHN C. KLOOSTERMAN

I, John C. Kloosterman, hereby declare and state:

1. I am an attorney licensed to practice law before this court. I am a shareholder in the law firm of Littler Mendelson, A Professional Corporation, which has been retained by Defendants in the above-referenced matter. I have personal knowledge of the facts set forth in this declaration, and if called as a witness could competently testify thereto.

2. Plaintiffs' counsel did not inform me or, to my knowledge, any of my colleagues of their intent to file an Amended Complaint. I left my office at about 5 p.m. on Friday, October 5, 2007 and did not see that Plaintiffs had filed an Amended Complaint until the morning of October 8.

3. On October 24, 2007, at about 11:20 a.m., I called Linda Lye, counsel for Plaintiffs and told her that I did not believe we needed to respond to the Amended Complaint until after this Court ruled on Mack's Motion to Dismiss, Stay or Transfer Venue. But, to be cautious, I asked if she would stipulate to making any responsive pleading due 10 days after the Court issued its ruling. Ms. Lye told me she was not sure she could so stipulate, would find out and call me back. Ms. Lye called me back at about 1:30 p.m. and said that she would not stipulate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 24, 2007

/s/
JOHN C. KLOOSTERMAN

MOTION TO EXTEND TIME  
6.  
(NO. C-07-4830 VRW)