Fred H. Altshuler (SBN 43878)
Linda Lye (SBN 215584)
Jamie L. Crook (SBN 245757)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94109
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: faltshuler@altshuleberzon.com
E-Mail: llye@altshulerberzon.com
E-Mail: jcrook@altshulerberzon.com

*Attorneys for Plaintiffs Robert M. Evitt, Sr.,
Joel Ortega, Loretta Evitt, and
the proposed Plaintiff Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ROBERT M. EVITT, Sr., JOEL ORTEGA, and LORETTA EVITT, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MACK TRUCKS, INC., AND MACK HEALTH, DISABILITY, AND LIFE BENEFITS FOR UAW EMPLOYEES PLAN,<br><br>Defendants. | **Case No. C-07-4830 VRW**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO FILE RESPONSIVE PLEADING**<br><br>Date: N/A<br>Time: N/A<br>Ctrm: Courtroom 6, 17th Floor<br>      The Honorable Vaughn R. Walker |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO FILE RESPONSIVE PLEADING, Case No. C-07-4830 VRW

## INTRODUCTION AND SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure requires Defendants to file an answer or responsive pleading within twenty days of service of the Complaint. Defendants have waited until 6:30 pm on the day before their Rule 12 responsive pleading is due, and now suddenly assert that they will suffer "substantial prejudice" unless granted an extension. But Defendants have made no showing of "substantial prejudice" or provided any practical reasons why they cannot submit a timely response. Defendants' last-minute request merely reinforces the conclusion that Defendants are engaged in further gamesmanship designed to prevent Plaintiffs from resolving the merits of their claims in a timely fashion. Defendants intend to implement drastic reductions in Plaintiffs' healthcare benefits just five months from now. For this reason, Plaintiffs have made every effort to protect their rights and litigate this case expeditiously. Because Defendants intend to reduce Plaintiffs healthcare benefits on April 1, 2008, Plaintiffs will suffer grave and irreparable harm, absent a preliminary injunction, from any delays in this litigation. Defendants, by contrast, will incur at most a *de minimis* administrative burden from complying with their obligations under the Federal Rules of Civil Procedure to file a responsive pleading.

Defendants claim they might not need to respond to Plaintiffs' Amended Complaint. Defendants, however, filed a motion to *transfer venue* pursuant to 28 U.S.C. § 1404(a). (Doc. 20). Title 28 U.S.C. Section 1404 authorizes a court to "*transfer* any civil action to any other district or division." (Emphasis added.) Defendants did not bring a motion to *dismiss* the case for improper venue pursuant to 28 U.S.C. §1406(a). Nor did Defendants file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12. Even if this Court were to grant Defendants' motion to *transfer* this case to the Eastern District of Pennsylvania – and for the reasons stated in Plaintiffs' opposition to that motion (Doc. 29), it should not – Defendants would remain obliged to answer the Complaint in this case. Defendants' motion to *transfer* goes merely to the question of *where* this litigation should proceed, and not *whether* it should proceed. Although Defendants' transfer papers assert at various points that Plaintiffs' action should be dismissed, Defendants chose to bring a motion under a statute that on its face authorizes only transfer and not dismissal. Had Defendants wished to bring

1  a motion to dismiss, they could have done so, but chose not to. Defendants' assertion of
2  "substantial prejudice" amounts to no more than a desire on their part not to respond to Plaintiffs'
3  Amended Complaint, notwithstanding their obligations under the Federal Rules of Civil Procedure.
4      Inexplicably, Defendants' motion to change time emphasizes that Plaintiffs filed an amended
5  complaint on October 5, 2007 and implies that Defendants somehow suffered prejudice as a result.
6  Plaintiffs' amended complaint had the result of giving Defendants more time to answer. Service of
7  the initial complaint was made on Defendant Mack on September 20, 2007, and on Defendant Mack
8  Plan on September 21, 2007. *See* Return of Summons (Docs. 13, 14). Absent an amended
9  complaint, Defendants' answer or other responsive pleading would have been due two weeks ago,
10 on October 10 and 11, 2007.
11     Plaintiffs respectfully submit that even if this case is transferred, Defendants should not be
12 relieved of their obligation to answer the complaint. At every turn, Plaintiffs have attempted to
13 resolve this case as expeditiously as possible, particularly in light of the impending April 1, 2008
14 date on which Defendants intend to implement drastic reductions to their healthcare benefits. *See*
15 Defs.' Opp. to Mot. for Prel. Inj. (Doc. 26) at 1. Plaintiffs will suffer grave, irreparable harm if
16 these reductions are implemented. *See* Pltfs' Mem. ISO TRO & PI (Doc. 6). Plaintiffs' prompt
17 efforts to seek a preliminary injunction underscores their showing of irreparable harm. *Cf. Oakland*
18 *Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long
19 delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.").
20 Extending the time for Defendants to answer the complaint will accomplish no purpose other than
21 delaying the resolution of this litigation, wherever it should occur. And any such delay will cause
22 Plaintiffs substantial and irreparable harm in light of the impending April 1, 2008 reduction in their
23 benefits, absent a preliminary injunction. By contrast, Defendants would face at most a *de minimis*
24 administrative burden from responding to Plaintiffs' Amended Complaint.[1]

---

[1] It is also unclear why Defendants waited until the day before their responsive pleading is due to file a motion to extend time. Their delay imposes a burden on Plaintiffs. Local Rule 6-3(c) grants a party opposing a motion to extend time *three* days to file any such opposition. Because Defendant's answer is due today, Plaintiffs in an abundance of caution are filing this opposition

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO FILE RESPONSIVE
PLEADING, Case No. C-07-4830 VRW      2

1    Defendants overall conduct makes clear that they are simply trying to thwart Plaintiffs from resolving their claims. Defendants first contended that Plaintiffs' claims should not be heard in this court, and then – remarkably – contended that Plaintiffs should not be heard on their motion for a preliminary injunction *at all*. *See* Defs.' Opp. to Mot. for Prel. Inj. (Doc. 26) at 1:4-5 ("To the extent a preliminary injunction should be heard at all, and Defendants assert it should not be . . . ."). Defendants now contend that they need not answer the complaint, even though they chose not to file a motion to dismiss. Defendants are engaging in the same pattern of gamesmanship evinced when they filed an anticipatory declaratory judgment action against a defendant class of retirees in the Eastern District of Pennsylvania. *See* Pltfs.' Opp. to Transfer (Doc. 29). Defendants' gamesmanship should not be countenanced. Plaintiffs respectfully request that Defendants' motion to extend the time for filing the Answer until 10 days after the Court rules on the transfer motion be denied.

Dated: October 25, 2007                              Respectfully submitted,

                                                FRED H. ALTSHULER
                                                LINDA LYE
                                                JAMIE L. CROOK
                                                Altshuler Berzon LLP

                                             By: /s/ Linda Lye
                                                   Linda Lye

                                             Attorneys for Plaintiffs

---

today, just one day after receiving this motion, and at the same time that they are occupied preparing their reply brief in support of their motion for a preliminary injunction, which is also due today. In any event, Plaintiffs recognize that Defendants – due to their own delay in filing this motion to extend time – are probably unprepared to file an answer today. Plaintiffs are willing to accommodate a brief extension of time, perhaps until Monday, October 29, 2007, on the answer, but oppose any extension beyond that.