1  JOHN C. KLOOSTERMAN, Bar No. 182625
   ELIZABETH C. YOUNG, Bar No. 245400
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone:   415.433.1940
   Facsimile:   415.399.8490
5  E-mail: jkloosterman@littler.com
           eyoung@littler.com
6
   Attorneys for Defendants
7  MACK TRUCKS, INC.; MACK HEALTH,
   DISABILITY AND LIFE BENEFITS FOR UAW
8  EMPLOYEES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT EVITT and JOEL ORTEGA, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACK TRUCKS, INC. and MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES,<br><br>Defendant. | Case No. C-07-4830 VRW<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO EXTEND TIME FOR FILING RESPONSIVE PLEADING**<br><br>FRCP 6(b); L.R. 6-3 |

Plaintiffs' three-page Opposition to Defendants' Motion to Extend Time accuses Defendants of "gamesmanship," claims that Defendants are "trying to thwart Plaintiffs from resolving their claims" and opines that Defendants' request to not file a responsive pleading prior to this Court ruling on Defendants' motion to dismiss, stay or transfer does nothing buy delay the resolution of this litigation. Plaintiffs are wrong and their lack of professional courtesy should not be countenanced by this Court.

Plaintiffs initially came before this Court on September 25, seeking a temporary restraining order over conduct that is not going to occur until April 2008 at the earliest; Plaintiffs gambit did nothing but waste time over a needless restraining order.

REPLY RE: MOTION TO EXTEND TIME                                    (NO. C-07-4830 VRW)

FIRMWIDE:83428747.1 057821.1001

1   Plaintiffs' action also entirely duplicates an action already pending in the Eastern
2   District of Pennsylvania. Accordingly, this Court set a briefing schedule for Defendants to file a
3   motion to transfer. Defendants did so on October 8, asking that that this Court dismiss Plaintiffs'
4   action because of principles of comity, stay it, or transfer it to the Eastern District of Pennsylvania.
5   There is no question that if Defendants had filed a motion to dismiss pursuant to FRCP Rule 12, they
6   would not have to respond to the Amended Complaint until the Court ruled on the Rule 12 motion.
7   There is no reason to treat a motion to dismiss because of comity any differently.

8   Plaintiffs are wrong when they allege that Defendants' motion only seeks to transfer
9   the case to Pennsylvania, nothing more. Defendants' motion clearly states that "Defendants request
10  an order dismissing, staying or transferring this case…" Motion to Transfer at 2:5. The
11  accompanying Points and Authorities extensively discussed comity and argued that this Court should
12  dismiss or stay the case due to principles of comity and the first-filed rule. MPA at 1:17-19; 5:5-6.
13  Plaintiffs Opposition also discussed those principles, as does Defendants' Reply, which will be filed
14  later today. Accordingly, ***there is no question that Defendants are asking this Court to dismiss***
15  ***Plaintiffs' action, stay it, or transfer it to the Eastern District of Pennsylvania***.

16  It is inconceivable that Plaintiffs are going to be harmed by Defendants' filing a
17  responsive pleading no later than 10 days after this Court rules on Defendants' motion. If this Court
18  grants Defendants' motion, it is possible that no responsive pleading would be necessary.
19  Nevertheless, Defendants are asking for no more time than they would be entitled to if they filed a
20  motion to dismiss pursuant to FRCP Rule 12.

21  It is also inconceivable that Defendants' request for an extension "thwart[s] Plaintiffs
22  from resolving their claims." Defendants' request is *de minimis*. Further, if Plaintiffs really wanted
23  to handle their claims in the fastest way possible, they would be doing so in the first-filed
24  Pennsylvania action.

25  Plaintiffs also mischaracterize Defendants' motives in filing the instant request,
26  claiming that Defendants have some odd "desire[] not to respond." Defendants' motion makes it
27  clear that Defendants believe that they have no need to file a responsive pleading until after the

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY RE: MOTION TO EXTEND TIME        2.        (NO. C-07-4830 VRW)

FIRMWIDE:83428747.1 057821.1001

Court rules on the Motion to Dismiss, Stay or Transfer. But Defendants responsibly filed the instant motion in case they were incorrect.

Finally, if either party is engaging in "gamesmanship" here, it is the party that filed a needless request for a restraining order, the party that alleges Defendants engaged in "blatant forum shopping" by filing a declaratory relief action in their home District, the party that then filed a mirror image of that action in this District, the party that has shown no professional courtesy, and the party that is so strenuously opposing a routine request for an extension. In contrast, Defendants responsibly filed a declaratory relief action once they learned the UAW disagreed with their position and also responsibly filed the instant motion for an extension. Defendants have been and are being responsible; they are not engaging in gamesmanship.

Accordingly, Defendants again request that this Court grant their Motion to Extend and Order that any responsive pleading be filed no later than 10 days after the Court rules on Defendants' Motion to Dismiss, Stay or Transfer.

Dated: October 25, 2007

/s/
JOHN C. KLOOSTERMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
MACK TRUCKS, INC.; MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES

REPLY RE: MOTION TO EXTEND TIME    3.    (NO. C-07-4830 VRW)

FIRMWIDE:83428747.1 057821.1001