# EXHIBIT B

# Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 2003 WL 23180220 (W.D.N.Y.), 31 Employee Benefits Cas. 2502
**(Cite as: 2003 WL 23180220 (W.D.N.Y.))**

▷

United States District Court,
W.D. New York.
James LAFOREST, Henrietta Lafrinere, Robert Lintz, Ralph Miner, Laverne Spencer
and Irene Wesolowski, individually and on behalf of a class of persons
similarly situated, Plaintiffs,
v.
HONEYWELL INTERNATIONAL, INC., Defendant/Third-Party Plaintiff,
v.
MOTOR COMPONENTS LLC, BAM Enterprises, Inc., Mark IV Industries, Inc., and
Arvinmeritor, Inc., Third-Party Defendants
No. 03-CV-6248T.

Sept. 19, 2003.

**Background:** Retirees brought diversity action against employer's successor in interest, seeking payment of retirement benefits pursuant to guaranty agreement, and successor in interest sought contribution from third-party defendants. The District Court, 2003 WL 22103474, granted summary judgment for retirees. Retirees moved for preliminary injunction requiring successor in interest to make payments necessary to restore their benefits.

**Holdings:** The District Court, Telesca, J., held that:
(1) retirees were entitled to requested preliminary injunctive relief, and
(2) security bond was not required.
Motion granted.

West Headnotes

**[1] Injunction** 138.37
212k138.37 Most Cited Cases

**[1] Labor and Employment** 508
231Hk508 Most Cited Cases
(Formerly 296k68)

Retirees whose medical insurance coverage had been terminated were entitled to preliminary injunction requiring employer's successor in interest to restore immediately retirees' benefits as of date of termination, inasmuch as termination of such benefits caused irreparable harm to retirees, court had previously determined that successor in interest was liable for all promises made by employer under guaranty agreement ensuring full payment of premiums for retirement benefits, thereby establishing retirees' likelihood of success on the merits, and only remaining issue was whether successor in interest was entitled to contribution from third-party defendants.

**[2] Injunction** 152
212k152 Most Cited Cases
Hearing was not required on motion for preliminary injunction by which retirees sought order compelling employer's successor in interest to restore their retirement benefits pursuant to guaranty agreement, given that material facts were not in dispute and court had already determined both that retirees were entitled to promised benefits and that successor in interest was responsible for making payments necessary to protect those benefits.

**[3] Injunction** 148(1)
212k148(1) Most Cited Cases
Security bond was not required in connection with preliminary injunction ordering employer's successor in interest to restore immediately retirement benefits to which retirees were entitled under guaranty agreement with employer, given that successor in interest's responsibility for making payments necessary to protect retirees' benefits was clear, and that potential harm to successor in interest from injunction, if it were ultimately successful, was merely a financial loss that was insubstantial in comparison to prolonged injuries suffered by retirees and their spouses.

Kenneth L. Wagner, Blitman & King LLP, Syracuse, NY, Niraj R. Ganatra, William A. Wertheimer, Jr., Catherine J. Tafton, Daniel W. Sherrick, UAW

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Case 3:07-cv-04830-VRW   Document 45-3   Filed 10/25/2007   Page 3 of 5

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2003 WL 23180220 (W.D.N.Y.), 31 Employee Benefits Cas. 2502
**(Cite as: 2003 WL 23180220 (W.D.N.Y.))**

Internation Union Legal Dept., Detroit, MI, for Plaintiffs.

Andrew J. Lusk, Dykema Gossett, Bloomfield Hills, MI, Debra M. McCulloch, Dykema Gossett PLLC, Ann Arbor, MI, Gregory J. McDonald, Harris Beach LLP, Pittsford, NY, Jennifer L. Neumann, Dykema Gossett PLLC, Detroit, MI, John W. Allen, Varnum, Riddering, Kalamazoo, MI, Joseph J. Costello, Tamsin J. Newman, Morgan, Lewis & Bockius LLP, Philadelphia, PA, for Defendants.

DECISION and ORDER

TELESCA, J.

INTRODUCTION

*1 Plaintiffs, a group of retirees from manufacturing plants formerly owned by Bendix Corporation ("Bendix") in Michigan and Elmira, New York, seek a preliminary injunction ordering the payment of retirement benefits guaranteed to them by Bendix in a 1976 Guaranty agreement ("Guaranty"). Defendant Honeywell International, Inc. ('Honeywell") opposes the motion, as do third party defendants Motor Components, L.L.C. ("Motor Components"), BAM Enterprises, Inc. ("BAM"), Mark IV Industries, Inc. ("Mark IV") and Arvinmeritor, Inc. ("Arvinmeritor").

In a Decision and Order dated September 7, 2003, the Court granted summary judgment in favor of plaintiffs and determined as a matter of law Honeywell's liability under the Guaranty. Plaintiffs now request that the Court issue a preliminary injunction, requiring Honeywell to make such payments as may be necessary to restore the retiree health benefits coverage in effect prior to September 1, 2002. For the reasons stated in this Court's September 7, 2003 Decision and Order, I find that plaintiffs are entitled to the requested preliminary injunction, and order Honeywell to make the payments necessary to restore the plaintiffs' health benefit coverage to the level in effect prior to September 1, 2002.

DISCUSSION
I. *The Preliminary Injunction*

[1] A preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies." *Hanson Trust PLC v. ML SCM Acquisition, Inc.*, 781 F.2d 264, 273 (2d Cir.1986). As such, this extraordinary remedy must not be granted as a routine matter. See *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir.1986), *Medical Society of the State of New York v. Toia*, 560 F.2d 535, 538 (2d Cir.1977). In this Circuit, to obtain a preliminary injunction the requesting party must demonstrate: (1) irreparable harm; and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief. *Jackson Dairy, Inc.v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979).

For the reasons stated in this Court's September 7, 2003 Decision and Order, I determine that plaintiffs meet the requirements necessary for the issuance of a preliminary injunction ordering restoration of plaintiffs' retiree health insurance benefits in place on August 31, 2002. First, the termination of plaintiffs' health insurance benefits constitutes irreparable harm, and second, plaintiffs have clearly demonstrated a likelihood of success on the merits because Honeywell's liability has been determined as a matter of law.

A. *Irreparable Harm*

Plaintiffs rightfully point out that should the preliminary injunction not issue they will suffer irreparable harm, namely that the reductions in medical coverage will cause: (1) substantial risk to plaintiffs' health; (2) severe financial hardship; (3) the inability to purchase life's necessities; and (4) anxiety associated with uncertainty. If the mere threat of termination of medical benefits constitutes irreparable harm, *Whelan v. Colgan*, 602 F.2d 1060, 1062 (2d Cir.1979), *Communications Workers of America, District One v. Nynex Corp.*, 898 F.2d 887 (2d Cir.1990), then the actual termination of medical benefits certainly constitutes irreparable harm. In *Whelan*, the Second Circuit held that "the threatened termination of benefits such as medical coverage for workers and their families obviously raised the spectre of irreparable injury." *Whelan* at 1062. In the instant case, the irreparable injury to the plaintiffs is even more apparent. Plaintiffs are aging retirees who were left with few options when Motor Components terminated their retiree health insurance benefits on September 1, 2002.

*2 Justice Breyer, when a member of the First Circuit Court of Appeals succinctly pointed out that certain general facts are commonly believed or have been held to constitute irreparable harm concerning retirees and reductions in medical benefits, such as: "(1) most retired union members are not rich; (2) most live on fixed incomes; (3) many will get sick


Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 23180220 (W.D.N.Y.), 31 Employee Benefits Cas. 2502
**(Cite as: 2003 WL 23180220 (W.D.N.Y.))**

Page 3

and need medical care; (4) medical care is expensive; (5) medical insurance, is therefore, a necessity; (6) some retired workers find it difficult on their own while others pay for it only out of money that they need for other necessities of life...." *United Steelworkers of America v. Textron, Inc.,* 836 F.2d 6, 8 (1st Cir.1987). It is easy to understand that emotional distress is likely to follow termination of retiree medical insurance benefits. In their brief in support of the preliminary injunction (Dock. No. 96, Attachment A), plaintiffs provided affidavits of six people entitled to benefits under the Bendix Guaranty. Each undoubtedly demonstrates that they will suffer much more than monetary harm. Since September 1, 2002, plaintiffs have been denied the health insurance benefits to which they are entitled. To protect plaintiffs' health and mental well-being, Honeywell must restore plaintiffs' benefits immediately. In short, these factors show irreparable harm.

B. *Likelihood of Success*

Plaintiffs also satisfy the last requirement for issuance of a preliminary injunction; a likelihood of success on the merits. The Court previously determined that Honeywell, as successor in interest to Bendix was liable for all promises made under the 1976 Guaranty. The only issue remaining is whether Honeywell is entitled to contribution from any or all of the third party defendants. Therefore, plaintiffs have clearly established a likelihood of success on the merits and of equal importance--that the balance of hardships clearly favors the plaintiffs.

II. *The Request For an Evidentiary Hearing*

[2] Plaintiffs, in connection with their renewed motion for a preliminary injunction, filed a motion requesting an expedited hearing. [FN1] I find that given the history of this case no hearing is necessary. "There is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Maryland Casualty Co. v. Realty Advisory Bd. On Labor Relations,* 107 F.3d 979, 984 (2d Cir.1997). Where material facts are not in dispute or have been clearly demonstrated earlier in the case, a court may decide a motion for preliminary injunction without a hearing. *Charette v. Town of Oyster Bay,* 159 F.3d 749, 755 (2d Cir.1998). Here, there are no material facts in dispute. In the September 7, 2003 Decision and Order, the Court found that as a matter of law plaintiffs are entitled to the retiree health benefits promised them by Bendix in the 1976 Guaranty, and Honeywell, as successor in interest to Bendix, is responsible for making the payments necessary to protect those benefits. The only dispute remaining is whether Honeywell is entitled to contribution from any or all of the third party defendants.

> FN1. This case was transferred from the Eastern District of Michigan on May 27, 2003, where the initial request for a preliminary injunction was made, but was not decided.

III. *The Bond*

*3 [3] "The purpose of requiring security prior to the issuance of an injunction or a temporary restraining order is to guarantee payment of costs and damages incurred by a party who is wrongfully enjoined or restrained." 13 *Moore's Federal Practice* (3d ed.1997) at 65-94.1. A court may dispense with the posting of security where there has been no proof that the party sought to be enjoined will likely be harmed absent the posting of a bond. *Doctor's Associates, Inc. v. Stuart,* 85 F.3d 975, 985 (2d Cir.1996). I find that plaintiffs need not post a bond for purposes of this preliminary injunction. Honeywell's responsibility under the 1976 Guaranty to these plaintiffs is clear. The potential harm to Honeywell from an injunction here, if it is ultimately successful, is simply a financial loss. That loss is not substantial compared to the prolonged injury suffered by the retirees and their spouses.

*CONCLUSION*

For the reasons set forth above, I find that plaintiffs are entitled to a preliminary injunction. Accordingly, it is hereby ordered that:

1. Defendant Honeywell International shall provide or cause to be provided on or before October 1, 2003, the health insurance benefits and prescription drug program in place on August 31, 2002, as outlined in the "1999 Purolator Products Company Medical Plan for Certain Hourly Retirees formerly Employed by the Bendix Corporation" for each individual listed as a "Bendix Retiree" in the March 2002 Mark IV/BAM purchase agreement.

2. Plaintiffs shall not be required to post bond given the important public interest being served by issuance of this injunction and the significant burden in obtaining injunctive relief placed upon plaintiffs should a bond be required.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                                               Page 4
Not Reported in F.Supp.2d, 2003 WL 23180220 (W.D.N.Y.), 31 Employee Benefits Cas. 2502
**(Cite as: 2003 WL 23180220 (W.D.N.Y.))**

ALL OF THE ABOVE IS SO ORDERED.
PLEASE take notice of the entry of an ORDER filed on 9/19/03, of which the within is a copy, and entered 9/19/03 upon the official docket in this case. (Document No. 283.)

Not Reported in F.Supp.2d, 2003 WL 23180220 (W.D.N.Y.), 31 Employee Benefits Cas. 2502

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.