JOHN C. KLOOSTERMAN, Bar No. 182625
JORJA E. JACKSON, Bar No. 226707
ELIZABETH C. YOUNG, Bar No. 245400
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:  415.433.1940
Facsimile:  415.399.8490
E-mail: jkloosterman@littler.com
         eyoung@littler.com

Attorneys for Defendants
MACK TRUCKS, INC.; MACK HEALTH,
DISABILITY AND LIFE BENEFITS FOR UAW
EMPLOYEES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT EVITT and JOEL ORTEGA, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACK TRUCKS, INC. and MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES,<br><br>Defendants. | Case No.  C-07-4830 VRW<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS, STAY OR TRANSFER VENUE**<br><br>Date: November 1, 2007<br>Time: 2:30 p.m.<br>Place: Courtroom 6<br>Judge: Honorable Vaughn R. Walker |

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ................................................................................................. 1

II. THE FIRST FILED RULE REQUIRES THAT THIS ACTION BE DISMISSED, STAYED, OR TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA ................................................................................................. 2

    A. The Threshold First-Filed Rule Factors Are Present In This Matter ........................ 2

    B. No "Special Circumstances" Exist To Warrant Departure From The First-Filed Rule ................................................................................................. 4

III. IF THIS ACTION IS NOT DISMISSED OR STAYED, IT MUST BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA IN THE INTEREST OF JUSTICE AND THE BALANCE OF CONVENIENCE ................ 6

    A. The Eastern District Of Pennsylvania Is A Substantially Superior Forum .............. 6

    B. Plaintiff's Choice of Forum Is Entitled To Little Deference In This Class Action ................................................................................................. 7

    C. The Convenience Of The Parties Heavily Favors Transfer ...................................... 8

    D. The Convenience Of Third Party Witnesses Favors Transfer .................................. 9

    E. Pennsylvania Has A Strong Interest In Deciding This Controversy ....................... 11

    F. The Interest of Justice Weights Heavily In Favor Of Transfer ............................... 11

IV. CONCLUSION .................................................................................................... 12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY RE MOTION TO DISMISS, STAY OR TRANSFER VENUE     i.     (No. C-07-4830 VRW)

# TABLE OF AUTHORITIES

PAGE

## CASES

*A.J. Taft Coal Co., Inc. v. Barnhart,*
  291 F.Supp. 2d 1290 (N.D. Ala. 2003) ............................................................................. 7

*Alltrade, Inc. v. Uniweld Products, Inc.,*
  946 F.2d 622 (9th Cir. 1991) ............................................................................................ 4

*Best Western Intern., Inc. v. Mahroom,*
  Slip Copy 2007 WL 1302749, *2 fn. 1 (D.Ariz. 2007) ..................................................... 3

*Capitol Records Inc., v. Optical Recording Corp.,*
  810 F.Supp. 1350 (S.D.N.Y. 1992) ........................................................................... 3, 4, 5

*Church of Scientology of California v. United States Department of the Army,*
  611 F.2d 738 (9th Cir. 1979) ............................................................................................ 2

*Decker Coal v. Commonwealth Edison Co.,*
  805 F.2d 834 (9th Cir. 1986) ............................................................................................ 6

*Ellis v. Costco Wholesale Corp.,*
  372 F. Supp. 2d 530 (N.D. Cal. 1994) .............................................................................. 7

*Genentech, Inc. v. Eli Lilly & Co.,*
  998 F.2d 931 (Fed. Cir. 1993) .......................................................................................... 3

*Holland v. A.T. Massey Coal,*
  360 F.Supp. 2d 72 (D.D.C. 2006) ..................................................................................... 7

*Intuitive Surgical, Inc. v. California Institute of Technology,*
  Slip Copy, 2007 WL 150787, *2-3 (N.D.Cal. April 18, 2007) ..................................... 2, 3

*Koster v. Lumbermen's Mutual Casualty Co.,*
  330 U.S. 518 (1947) .......................................................................................................... 7

*Pacesetter Systems, Inc. v. Medtronic, Inc.,*
  678 F.2d 93 (9th Cir. 1982) .............................................................................................. 2

*Soloman v. Continental American,*
  472 F.2d 1043 (3d Cir. 1973) ................................................................................. 8, 9, 10

*Voluntary Employees Beneficiary Ass'n for Employees of Independent Elec. Supply,
  Inc. v. Ross,*
  1994 WL 544481, *2 (N.D.Cal., 1994) ............................................................................ 7

*William S. Gluckin & Co., Inc. v. Int'l Playtex Corp.,*
  407 F.2d 177 (2d Cir. 1969) ............................................................................................. 4

*Z-Line Designs, Inc. v. Bell'O Int'l LLC,*
  218 F.R.D. 663 (N.D.Cal. 2003) ............................................................................... 2, 3, 5

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY RE MOTION TO DISMISS, STAY
OR TRANSFER VENUE

ii.

(No. C-07-4830 VRW)

## I. INTRODUCTION

Thirteen individuals within this District are covered by Mack's benefit plans for UAW retirees and their surviving spouses. Three of those individuals brought this action seeking to represent a nationwide class of Mack retirees and surviving spouses. But 99.8% of the class they want to represent reside outside of this District, 99.5% reside outside of California and 98% reside east of the Mississippi River. In contrast, Mack filed a declaratory relief action in the Eastern District of Pennsylvania 13 days before Plaintiffs filed this action. Mack is based in the Eastern District of Pennsylvania and has a number of facilities there, the Plan is administered there, the collective bargaining agreements at issue in this action were negotiated there, the decision to change benefits in April 2008 was made there, relevant evidence is located there and 43% of the potential class reside there. 61% of the potential class reside in Pennsylvania and 89% reside within 250 miles of the federal courthouse in Reading, Pennsylvania where Mack's action is pending.

Plaintiffs implicitly concede these facts. Nevertheless, they boldly, and bizarrely, assert that Mack is forum shopping. They also assert that Mack filed the Pennsylvania action solely in order to "deprive the natural plaintiff of its choice of forum." Mack fails to understand how it is that the "natural" plaintiffs are located in this District and how it is that Mack somehow should have realized that the Northern District of California, which is home to 0.2% of the potential class and where Mack has not had a facility since 1980 is the natural forum.

Plaintiffs odd assertions do not alter the essential facts and the legal principles guiding this Motion. Mack filed its action first, 13 days before Plaintiffs filed this action. The two actions involve the same questions of law, the same parties in interest and seek certification of the same class of retirees, dependents and surviving spouses. Mack filed its action in the logical forum for it to do so. In order to get around the first-filed rule, Plaintiffs have to show that circumstances, such as forum shopping or an anticipatory filing, exist that warrant departure from the first-filing rule. The clear facts as described by both parties indicate that Mack did not engage in forum shopping or anticipate that these Plaintiffs (or any other plaintiffs) were planning to file an action in this District (or any other district). Accordingly, comity requires that this action be dismissed or stayed pending the outcome of the Pennsylvania action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY RE MOTION TO DISMISS, STAY OR TRANSFER VENUE    1.    (No. C-07-4830 VRW)

Alternatively, this Court can transfer this action to the Eastern District of Pennsylvania in the interest of justice and convenience. Mack has more than met the essential factors for transfer: The Eastern District of Pennsylvania has far more ties to the action than this District; Plaintiffs choice of forum is entitled to little deference because they seek a nationwide class; Mack has no ties to this District; the events complained of did not occur in this District; no witnesses except for Plaintiffs are located in this District; no evidence is located in this District; and Pennsylvania has a stronger interest in deciding this controversy than California.

## II. THE FIRST FILED RULE REQUIRES THAT THIS ACTION BE DISMISSED, STAYED, OR TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA.

The "first-filed rule" permits a district court to transfer, stay or dismiss an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 749 (9th Cir. 1979). The first-filed rule "should not be disregarded lightly." *Church of Scientology*, 611 F.2d at 750.

### A. The Threshold First-Filed Rule Factors Are Present In This Matter.

In applying the first-filed rule, a court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D.Cal. 2003). The chronology factor favors Mack. The Pennsylvania action was filed on September 7; this action was filed 13 days later, after the UAW became aware of the Pennsylvania action. Plaintiffs do not and cannot dispute this chronology but argue that this factor should receive no consideration because the actions were filed within 13 days of one another. But that is not the rule. Judge Wilken of this District recently held that ***the first-to-file rule is applicable and requires deference to the first-filed court, notwithstanding the near simultaneous nature of the filings.*** *Intuitive Surgical, Inc. v. California Institute of Technology*, Slip Copy, 2007 WL 150787, *2-3 (N.D.Cal. April 18, 2007) (*emphasis added*). The issue in *Intuitive Surgical* was whether the first-filed rule applies when two actions are filed *a few hours apart*. In answering this question affirmatively, Judge Wilken examined the policy

rationale behind the rule and stated that the rule is supported by reasons "just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits." *Id.*, citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993).

In support of their argument that chronology should not be a factor here, Plaintiffs cite to *Capitol Records Inc., v. Optical Recording Corp.*, 810 F.Supp. 1350 (S.D.N.Y. 1992). Their reliance on *Capitol Records* is misplaced. In that case, the defendants sought transfer from the Southern District of New York to the District of Delaware, where a similar action involving the same parties had been filed 20 days after the action in New York. The forum where the second action was filed, Delaware, had already conducted a trial on the same complicated patent infringement claims at issue. *Id.* The court's main concern was judicial economy, and because there would be significant conservation of judicial resources achieved by a transfer to Delaware, the court departed from the first-filed rule. *Id.* The chronology of the filings was a very small factor and Plaintiffs here are hyperbolic to give it such weight in the present controversy. This Court should follow the rule in *Intuitive Surgical* and give priority to the party who first establishes jurisdiction, regardless of the length of time between the filings of the two actions.

The other two factors also favor Mack. Contrary to Plaintiffs' contention, this action and the Pennsylvania action involve the same parties in interest. Plaintiffs argue that because the parties in the two actions are not identical, the first-filed rule must not apply. But the rule is that the two actions need only be similar, not exactly identical. *Z-Line Designs, supra*, 218 F.R.D. at 665. *See also Best Western Intern., Inc. v. Mahroom*, Slip Copy 2007 WL 1302749, *2 fn. 1 (D.Ariz. 2007) (holding that substantial similarity is sufficient). Although the parties named in the captions of the two lawsuits are not identical, the parties in interest in the suits (Mack, its retirees and surviving spouses, and the UAW) are exactly the same, and both actions seek certification of the same class. Plaintiffs interpretation of this factor would allow any party to evade the first-filed rule by filing the same class action in a different forum but substituting a different named plaintiff, which is what Plaintiffs did here. Although Plaintiffs stress that the Plan is not a named defendant in the Pennsylvania action, the Plan can easily be joined in the Pennsylvania action if necessary.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

REPLY RE MOTION TO DISMISS, STAY OR TRANSFER VENUE            3.                    (No. C-07-4830 VRW)

1  Additionally, Plaintiffs implicitly concede, as they must, that the Pennsylvania action and California
2  action involve the exact same issues. Accordingly, the first-filed rule is applicable, and under the
3  rule's application, this Court should transfer, stay or dismiss this action.

        **B.    No "Special Circumstances" Exist To Warrant Departure From The First-Filed Rule.**

6  An exception to the first-filed rule applies when "special circumstances" warrant
7  giving priority to the second suit. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th
8  Cir. 1991); *William S. Gluckin & Co., Inc. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969).
9  "Special circumstances" include when the plaintiff in the first action is solely motivated by forum
10 shopping in the choice of forum for the first suit. *Alltrade*, 946 F.2d at 626; *Capitol Records*, 810
11 F.Supp. at 1353. No "special circumstances" exist here.

12 Plaintiffs' astounding accusation that Mack has engaged in forum shopping by filing
13 suit in the Eastern District of Pennsylvania, where Mack is headquartered and where the largest
14 number of potential class members reside, defies logic. "Forum shopping occurs when a litigant
15 selects a forum with only a slight connection to the factual circumstances of his action, or where
16 forum shopping alone motivated the choice." *Capitol Records*, 810 F.Supp. at 1353. In *Capitol*
17 *Records*, the defendant argued that the plaintiff chose New York as a result of forum shopping. *Id.*
18 The court disagreed and held that New York was a reasonable forum because the plaintiff's principal
19 place of business was in New York and the events that led to the declaratory judgment action
20 included the negotiations between the parties in New York. *Id.* at 1353-54.

21 Similarly, reason dictates that Mack was *not* forum shopping when it filed its
22 declaratory action in the Eastern District of Pennsylvania. Mack is incorporated in Pennsylvania and
23 headquartered in Pennsylvania. Vikner Decl. ¶2 (Document No. 23 on the court's electronic
24 docket).[1] Mack's main assembly facility is located in Pennsylvania, as is its Engineering
25 Development and Test Center. *Id.*; Blythe Decl. ¶3. The Plan at issue is administered in

---

[1] Throughout this brief, Mack will reference declarations that are already on file in connection with this action. These previously filed declarations will be referenced by their document number on the court's electronic docket. If a declaration does not reference a document number, it is being filed along with this brief.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY RE MOTION TO DISMISS, STAY OR TRANSFER VENUE      4.      (No. C-07-4830 VRW)

Pennsylvania, and any decisions about benefits under the Plan were made in Pennsylvania. Vikner Decl. ¶3 (Document No. 23). Further, 61% of the potential class resides in Pennsylvania. Kloosterman Decl. ¶2 (Document No. 22). Additionally, about 89% of the potential class resides in the 250 mile radius around Reading, Pennsylvania, where the Pennsylvania case is pending. *Id.* Thus, there can be no doubt that Pennsylvania has much more than a "slight connection" to this action. To allege that Mack engaged in forum shopping when selecting the Eastern District of Pennsylvania is simply ludicrous.

If any party in this action is guilty of forum shopping, it is unquestionably Plaintiffs, who brought suit in a District that is home to 0.2% of the potential class and where Mack has no operations. Despite Plaintiffs' argument to the contrary, the events underlying this action did not arise out of this District. The Plan at issue is and always has been administered in Pennsylvania. Vikner Decl. ¶3 (Document No. 23). The decision to modify the benefits that class members receive under the Plan was developed in Pennsylvania. Huxta Decl. ¶10. The letters notifying UAW retirees and their surviving spouses that benefits under the plan are being modified were written in and sent from Pennsylvania. *Id.* Given these facts and this history, how Plaintiffs can accuse Mack of forum shopping remains a mystery.

Plaintiffs' Opposition accuses Mack of attempting to deprive the "natural plaintiffs" of their choice of forum. Opposition at 11:24-25; 12:5-6. It is incomprehensible how these three individuals can be considered the "natural plaintiffs," representing a nationwide class of UAW retirees and their surviving spouses. The numbers speak for themselves: 99.8% of the potential class reside outside of this District; 99.5% reside outside of California. Correll Decl. Exh. A (Document No. 25). Plaintiffs here are by no means the logical and "natural" plaintiffs to bring this action.

Similarly, Plaintiffs allege that Mack engaged in gamesmanship by filing an "anticipatory" suit in Pennsylvania in order to deprive Plaintiffs of their choice of forum. This argument is nonsensical. An action is anticipatory when "filed upon receipt of specific concrete indications that a suit by defendant was imminent." *Z-Line Designs, supra*, 218 F.R.D. at 665. In other words, the action must anticipate the defendant's imminent filing. Here, there are no such

REPLY RE MOTION TO DISMISS, STAY OR TRANSFER VENUE   5.   (No. C-07-4830 VRW)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

indications. Plaintiffs do not and cannot point to any "specific concrete indications." The UAW stated that it was opposed to Mack's implementation of its proposed retiree benefits changes and sent Mack a letter to this effect. Bressler Decl. ¶2, Exh A (Document No. 35). But Plaintiffs do not and cannot point to any specific indications that they (or the UAW or other potential class members) were preparing to file suit. On the contrary, Mack made a responsible decision to seek a judicial declaration after learning that the parties had opposing views on a substantial legal issue. Mack then filed its action in the logical choice of forum, the District where Mack is headquartered, where the Plan is administered, where the largest percentage of the potential class reside, and where the contested decisions were made.

### III. IF THIS ACTION IS NOT DISMISSED OR STAYED, IT MUST BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA IN THE INTEREST OF JUSTICE AND THE BALANCE OF CONVENIENCE.

#### A. The Eastern District Of Pennsylvania Is A Substantially Superior Forum.

The Ninth Circuit analyzes the following factors when determining whether transfer will serve the interests of justice: (1) the convenience of the parties, including plaintiff's initial choice of forum; (2) the convenience of the witnesses; (3) where the events took place, and the relative ease of access to sources of proof; and (4) all other practical considerations that make the trial of a case easy, expeditious and inexpensive. *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 842-43 (9th Cir. 1986). Plaintiffs make the baffling assertion that Mack has failed to demonstrate that the Eastern District of Pennsylvania is the superior venue. Mack has demonstrated that the Eastern District of Pennsylvania is a far superior forum for this action because: (1) an action between the same parties involving the same issues is already pending in the Eastern District of Pennsylvania; (2) this District has an extremely attenuated connection to the circumstances that bring the parties before this Court, since only 0.2% of the potential class reside within this District, while 43% reside in the Eastern District of Pennsylvania and 89% reside within 250 miles of the court in which the Pennsylvania action is pending; (3) the events giving rise to this action occurred in the Eastern District of Pennsylvania; and (4) potential witnesses and evidence are located in the Eastern District of Pennsylvania, while no potential witnesses, other than the named Plaintiffs, or evidence are located in this District.

B.  **Plaintiff's Choice of Forum Is Entitled To Little Deference In This Class Action.**

Plaintiffs seek a nationwide class. While courts ordinarily give deference to a plaintiff's choice of forum when analyzing a transfer motion, this deference is significantly diminished, if not eliminated, when the plaintiffs attempt to represent a class, especially a nationwide class. *Koster v. Lumbermen's Mutual Casualty Co.*, 330 U.S. 518, 525 (1947).

Plaintiffs attempt to get around this rule by arguing that ERISA plaintiffs' choice of forum deserves greater deference than usual. *Voluntary Employees Beneficiary Ass'n for Employees of Independent Elec. Supply, Inc. v. Ross*, 1994 WL 544481, *2 (N.D.Cal., 1994). But *Ross* does not so hold. Further, the *Ross* court's decision was based on several facts, primarily that the plaintiffs **and all of the Plan's participants** resided in the Northern District of California. *Id*. This is far from the case in the instant action where 99.8% reside outside this District. Plaintiffs also rely on *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530 (N.D. Cal. 1994) to argue that a special statutory venue provision influences the contours of a section 1404(a) analysis. *Ellis* does stand for that proposition but only in the context of the statute at issue in that case, which was Title VII of the Civil Rights Act, not ERISA.

Plaintiffs assertions might carry more weight if Plaintiffs were pursuing an individual action, or even if Plaintiffs sought to represent a California-only class. But Plaintiffs seek to represent a nationwide class of over 5,600 individuals, 99.8% of whom reside outside this District and 98% of whom reside east of the Mississippi River. Here, on these facts, Plaintiffs' choice of forum is entitled to little consideration.

Additionally, plaintiffs' choice of forum is entitled to less consideration when operative facts underlying a cause of action did not occur within the forum chosen by plaintiff,. *Holland v. A.T. Massey Coal*, 360 F.Supp. 2d 72, 76-77 (D.D.C. 2006); *A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F.Supp. 2d 1290, 1309-10 (N.D. Ala. 2003). The operative facts underlying this action did not occur in the Northern District of California – they occurred primarily in the Eastern District of Pennsylvania. This action is about Plaintiffs' retiree benefits under a string of collective bargaining agreements that were negotiated in Pennsylvania. The Plan at issue is been administered in Pennsylvania. The decision to modify the benefits that potential class members receive under the

Plan was made in Pennsylvania. The letters notifying UAW retirees and their surviving spouses that benefits under the plan are being modified were written in and sent from Pennsylvania. The only connection this District has to the events is that 13 of the 5,600+ potential class members received those letters at their residences in this District.

### C. The Convenience Of The Parties Heavily Favors Transfer.

Mack has demonstrated that Pennsylvania is a far more convenient forum than this District, which is convenient *only* for the three Plaintiffs and the other 10 potential class members who reside here. It is certainly not convenient for the 98% of the potential class who reside on the other side of the country. Although maintaining this action in California would be convenient for Plaintiffs' San Francisco-based counsel, the location of Plaintiffs' (or Defendants') counsel is an impermissible consideration. *Soloman v. Continental American*, 472 F.2d 1043, 1047 (3d Cir. 1973).

Plaintiffs emphasize that it would be an enormous hardship for them to travel across the country to Pennsylvania for this action. For example, Plaintiffs explain that "Mrs. Evitt cannot stand for more than fifteen minutes and she has been terrified of planes since the September 11 tragedies." Mack sympathizes with Mrs. Evitt's condition and fear of flying. But Mrs. Evitt was not even a party to this action until after 5:00 p.m. on the court day immediately preceding Mack's deadline to file the instant Motion. Mrs. Evitt's presence adds nothing to this lawsuit other than a sympathetic argument for Plaintiffs' Opposition. Additionally, if this action is transferred to Pennsylvania, Plaintiffs could likely substitute in other named plaintiffs from among the 61% of potential class members who reside in Pennsylvania, thereby negating their need to travel.

Plaintiffs wrongly assert that Mack has "significant" contacts in California, rendering this District a convenient forum to litigate the action. This simply is not true. Plaintiffs overemphasize that Mack operated a plant in Hayward, California for a "decade and a half." Plaintiffs fail to mention that this plant closed its doors over twenty-seven years ago – ***it has been closed longer than it was in operation***. Vikner Decl. ¶2 (Document No. 23). Plaintiffs also allege that venue in this District is appropriate because of Mack's "substantial sales" in California. Mack does not own or operate any facilities in California. Blythe Decl. ¶2. Mack's trucks are sold in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

REPLY RE MOTION TO DISMISS, STAY OR TRANSFER VENUE        8.        (No. C-07-4830 VRW)

California through distributors but those distributors are not owed by or affiliated with Mack – they are independent distributors. *Id.* These distributors also perform service and warranty work. *Id.* Mack also sells parts in California through independent parts dealers, which are also not owned by or affiliated with Mack. *Id.* Pointing to distributors selling Mack products cannot convince this Court that it would be *convenient* for Mack to litigate in this District.

### D. The Convenience Of Third Party Witnesses Favors Transfer.

Witness convenience favors transfer of this matter to the Eastern District of Pennsylvania. Plaintiffs contend that Mack has failed to identify any witnesses with specificity, including witness testimony and the relevance to this matter. Their argument carries little weight because at this early stage in the litigation, it is unreasonable to expect Mack to be able to state its whole case.

Nonetheless, Mack is certain that key witnesses will be located in or significantly closer to the Eastern District of Pennsylvania than to this District. ***Plaintiffs do not argue otherwise***, they merely argue that some third-party witnesses reside outside of Pennsylvania, and point to two UAW witnesses in Detroit, Michigan. Plaintiffs' Opposition 6:11-25. Additionally, the parties appear to agree that the collective bargaining history between Mack and the UAW likely will be highly relevant. The collective bargaining agreements at issue were negotiated in Pennsylvania between Mack, which is based in Pennsylvania, and the UAW, which is based in Detroit. The relevant history goes back at least 30 years. The current Mack-UAW negotiations are occurring in King of Prussia, Pennsylvania. Widman Decl. ¶6; Huxta Decl. ¶6.

It is untrue, as Plaintiffs assert, that the relevant Mack witnesses are all Mack employees who can be compelled to travel to San Francisco. From at least the early 1980s through the late 1990s, the Mack employee responsible for designing and administering the retiree medical benefits at issue in this matter and taking part in collective bargaining negotiations with the UAW over those benefits was Joseph Killino. Huxta Decl. ¶3. Mr. Killino is no longer a Mack employee; he is an independent compensation and benefits consultant. *Id.* at ¶5. He resides in Bethlehem, Pennsylvania, which is 50 miles from the federal courthouse in Reading, Pennsylvania but about 2,850 miles from this Court. *Id.* Given Mr. Killino's current employment and his distance from San

Francisco, it is highly inconvenient for him to travel here, although we will likely be an important witness. Further, he cannot be compelled to travel here.

Mr. Killino's position is currently filled by Joseph Huxta. *Id.* at 3. Mr. Huxta is a full-time Mack employee at Mack's headquarters in Allentown, Pennsylvania, which is about 35 miles from the federal courthouse in Reading. *Id.* at 4. He resides in Macungie, Pennsylvania, which is about 40 miles from Reading. *Id.* Both Allentown and Macungie are about 2,850 miles from San Francisco. *Id.* Because of his position, Mr. Huxta likely will be an important witness in this action. He is a Mack employee, so it is conceivable, as Plaintiffs' assert, that he could be compelled to travel to San Francisco. But the more important question is why? Why make a key witness travel 2,850 miles from his home and office, and take time away from his work and family, when he could easily testify in the same action pending 35-40 miles away? Plaintiffs position makes absolutely no sense.

From 2001 to the present, Mack's collective bargaining negotiations with the UAW, including negotiations over the retiree benefits at issue here, have been handled by John H. Widman, a partner in the law firm of Susanin, Widman & Brennan P.C. in King of Prussia, Pennsylvania, which is within the Eastern District of Pennsylvania about 45 miles from the federal courthouse in Reading. Widman Decl. ¶1, 2, 5. King of Prussia is about 2,850 miles from San Francisco. *Id.* at ¶5. Mr. Widman is engaged in the full-time practice of law and represents many clients besides Mack. *Id.* at ¶4. His client base is mostly in Pennsylvania and New Jersey. *Id.* Mr. Widman is not a Mack employee. He is, however, likely to be an important witness in this action. It is questionable whether Mr. Widman could be compelled to travel to San Francisco. But again the more important question is why? Why make a busy lawyer leave his practice, home and family to travel across the country to take part in an action when the same thing could be accomplished by having him travel 45 miles?

Plaintiffs provide declarations from two potential UAW witnesses who reside in Michigan. Neither claims California is a more convenient forum. Unsurprisingly, however, both indicate that they would be happy to travel to California over the next few months, which also happens to be the height of winter in Michigan. Escaping a Michigan winter is not an appropriate

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY RE MOTION TO DISMISS, STAY OR TRANSFER VENUE    10.    (No. C-07-4830 VRW)

factor to consider. In any event, the fact remains that a trip from Detroit to Northern California is about 2,400 miles, compared to the 540 mile trip to the federal courthouse in Reading, Pennsylvania. Kloosterman Decl. ¶2 (Document No. 22).

Finally, while Plaintiffs could easily substitute in other named plaintiffs if necessary from the 61% of potential class members who reside in Pennsylvania, the Mack witnesses and UAW witnesses will be the same no matter where this case is heard. Without a doubt, Pennsylvania is a significantly more convenient forum for the majority of witnesses, including the 98% of potential class members who reside east of the Mississippi River.

### E. Pennsylvania Has A Strong Interest In Deciding This Controversy.

Plaintiffs assert that California has a strong interest in protecting its citizens' alleged rights to lifetime medical coverage. But Plaintiffs implicitly assert that Pennsylvania's sole interest in this action is in deciding controversies that involve corporations formed under Pennsylvania law. Their assertion entirely ignores Pennsylvania's interest in deciding controversies involving a corporation that is headquartered in Pennsylvania and a benefits plan that is administered in Pennsylvania, and involving an issue that arose in Pennsylvania.

Most importantly, Plaintiffs cannot have it both ways – if California has a strong interest in protecting the alleged rights of 29 California residents, then Pennsylvania surely has a stronger interest in protecting the alleged rights of 3,421 of its citizens. To argue that Pennsylvania has little if any interest in the outcome of this action is absurd.

### F. The Interest of Justice Weights Heavily In Favor Of Transfer.

The Defendants and an overwhelming majority (89%) of the potential class in this action are located within 250 miles of Reading, Pennsylvania, where there is already an action pending involving the same parties and the same issue. The events underlying this action arose in Pennsylvania. There are only 13 potential class members, including the named Plaintiffs, who reside in this District, less than 0.2% of the total potential class. Correll Decl. Exh. A (Document 25). Blatant forum shopping resulted in the filing of this action in this District, a forum which has practically no ties to the underlying controversy. It is in the interest of justice that this Court must transfer this action to the Eastern District of Pennsylvania, where it can be consolidated with the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REPLY RE MOTION TO DISMISS, STAY OR TRANSFER VENUE    11.    (No. C-07-4830 VRW)

substantially similar action already pending between the parties. To do otherwise would reward Plaintiffs' forum shopping.

## IV. CONCLUSION

For each and all of the foregoing reasons, Mack respectfully urges the Court to grant the subject motion and dismiss this action under principles of comity, stay it or transfer it to the Eastern District of Pennsylvania.

Dated: October 25, 2007

/s/
John C. Kloosterman
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
MACK TRUCKS, INC. AND MACK HEALTH, DISABILITY AND LIFE BENEFITS FOR UAW EMPLOYEES

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

REPLY RE MOTION TO DISMISS, STAY OR TRANSFER VENUE     12.     (No. C-07-4830 VRW)