1  JOHN C. KLOOSTERMAN, Bar No. 182625
   JORJA E. JACKSON, Bar No. 226707
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
4  Telephone:   415.433.1940
   Facsimile:   415.399.8490
5  E-mail: jkloosterman@littler.com
           jjackson@littler.com
6
   Attorneys for Defendants
7  MACK TRUCKS, INC.; MACK HEALTH,
   DISABILITY AND LIFE BENEFITS FOR UAW
8  EMPLOYEES

9
                UNITED STATES DISTRICT COURT
10
                NORTHERN DISTRICT OF CALIFORNIA
11
                    SAN FRANCISCO DIVISION
12

13 ROBERT EVITT and JOEL ORTEGA, on       Case No. C-07-4830 VRW
   behalf of themselves and a class of those
14 similarly situated,                    DECLARATION OF HUXTA IN SUPPORT
                                          OF DEFENDANT'S REPLY TO
15              Plaintiff,                PLAINTIFFS' OPPOSITION TO MOTION
                                          TO DISMISS, STAY OR TRANSFER
16      v.                                VENUE

17 MACK TRUCKS, INC. and MACK             Date: November 1, 2007
   HEALTH, DISABILITY AND LIFE            Time: 2:30
18 BENEFITS FOR UAW EMPLOYEES,            Place: Courtroom 6
                                          Judge: Hon. Vaughn R. Walker
                Defendant.
19

20
         I, Joseph Huxta, hereby declare and state:
21
         1.    I am the Manager - Health Care Strategy of Mack Trucks, Inc. ("Mack") and
22
   other affiliated entities. My office is located at 2100 Mack Boulevard, Allentown, PA 18103. I have
23
   personal knowledge of the facts set forth in this declaration, and if called upon to testify, could
24
   testify thereto.
25
         2.    I submitted an earlier declaration which covered my knowledge of the retiree
26
   medical program since the early 1990's including but not limited to the introduction of "caps" on
27
   Mack's expenses associated with the retiree medical program and subsequent negotiating demands
28

1 involving the caps.

2     3. Since at least the early 1990's, my duties and responsibilities for Mack have included the design of the retiree medical program and participation in collective bargaining negotiations regarding benefits, including negotiations over retiree medical benefits. From the late 1980's through the late 1990's, I reported to Joseph Killino. Mr. Killino had responsibilities for design and administration of the retiree medical program and actively participated in collective bargaining negotiations with the UAW over benefits, including retiree medical benefits. Mr. Killino served as chief benefits negotiator throughout collective bargaining negotiations in the 1990's.

    4. My position of Manager - Health Care Strategy for Mack Trucks, Inc. is a full-time position. My office is located in Allentown, Pennsylvania, at the Mack World Headquarters building. I reside in Macungie, Pennsylvania. My office is located approximately thirty-five (35) miles from Reading, Pennsylvania, and two thousand eight hundred forty six (2,846) miles from San Francisco, California. My residence is located approximately thirty (30) miles from Reading, Pennsylvania and two thousand eight hundred fifty (2,850) miles from San Francisco, California. Distance information was obtained from Google Maps.

    5. Mr. Killino is no longer employed by Mack Trucks, Inc. He is currently a compensation and benefits consultant. Mr. Killino resides in Nazareth, Pennsylvania. Nazareth, Pennsylvania is located approximately fifty (50) miles from Reading, Pennsylvania and two thousand eight hundred forty seven (2,847) miles from San Francisco, California.

    6. Presently and for the foreseeable future, I expect to be engaged in collective bargaining negotiations with the UAW in King of Prussia, Pennsylvania. I expect that my participation in these negotiations will involve a considerable amount of time.

    7. Thereafter, I anticipate that I will have significant responsibilities for implementing plan design changes that arise out of the present collective bargaining negotiations.

    8. My participation as a witness in legal proceedings in California would impose substantial travel requirements on me. The imposition of such travel requirements would be decidedly inconvenient. On the other hand, my participation as a witness in legal proceedings in Reading would impose a relatively minor burden on me given the proximity of my office and my

DECL. OF HUXTA ISO REPLY      (NO. C-07-4830 VRW)
2.

residence to Reading, Pennsylvania.

9. While Mr. Killino is no longer employed by Mack, he would likely be a key witness in any case involving the interpretation of the provisions of historical collective bargaining agreements pertaining to retiree medical benefits. Given Mr. Killino's employment and the proximity of his residence to San Francisco, California, I believe that Mr. Killino would be less willing to participate as a witness for Mack if legal proceedings occurred in San Francisco.

10. The decision to modify the plan of retiree medical benefits that is the subject of this case was developed in Allentown, Pennsylvania. The letters notifying UAW retirees and their surviving spouses that benefits under the plan are being modified effective April 1, 2008, were issued from Mack World Headquarters in Allentown, Pennsylvania.

I have read this Declaration and declare under penalty of perjury under the laws of the United States of America and the State of California, that it is true and correct.

Dated: October 25, 2007

_____
JOSEPH HUXTA
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DECL. OF HUXTA ISO REPLY                 3.                 (NO. C-07-4830 VRW)